■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CALHOUN RICHARDSON, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered October 2, 1970, upon a verdict convicting defendant of the crime of assault, second degree (Penal Law, § 120.05.) Appellant was indicted for the crime of assault, first degree (Penal Law, § 120.10, subd. 1), a charge relating to a shooting in front of Chappie's Grill on South Pearl Street in the City of Albany at about 3:00 A.M. on April 19, 1970. The victim, one Gerald Smith, was taken to Albany Medical Center Hospital where he received care and treatment for nine days. Upon the trial, the People offered the hospital record of the victim as proof of the inflicting of serious physical injury. Over the objection of the defendant, a portion of the hospital record was read into evidence indicating the diagnosis and treatment rendered as follows: i.e., "gunshot wound to right arm and abdomen and liver" and "debridement of right arm around" and "exploratory laparotomy to repair the liver laceration and a removal of the foreign body". A proper foundation was laid for the introduction of the hospital record and its contents were prima facie evidence of the

facts contained therein. (CPLR 4518.) Clearly the hospital was under a duty to record the information in the record. The diagnosis and treatment rendered would be admissible if the attending physician had been called to testify. (*People v. Kohlmeyer*, 284 N. Y. 366; *Matter of Williams* v. *Allied Trades Union*, 34 A D 2d 717; CPL 60.10). The weight of this evidence, along with all the other evidence concerning the injury to the victim, was for the jury. Other issues raised by appellant are without merit. There was ample evidence to support the finding of guilt beyond a reasonable doubt. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.