■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 2, 1976, convicting him of attempted murder, possession of weapons and dangerous instruments and appliances, as a felony, criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth, sixth and seventh degrees, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of possession of weapons and dangerous instruments and appliances, as a felony, and criminal possession of a controlled substance in the seventh degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). The evidence offered at the trial, although circumstantial in nature, was sufficient to establish defendant-appellant's guilt of all of the crimes charged beyond a reasonable doubt (cf. *People v Benzinger,* 36 NY2d 29). However, under the facts of this case, defendant could not have committed the crime of attempted murder without also having possessed a weapon. Therefore, the verdict of guilty on the attempted murder count requires dismissal of the possession of a weapons count (see CPL 300.40, subd 3, par [b]; cf. *People v Grier,* 37 NY2d 847; *People v Rosado,* 53 AD2d 816). The same reasoning requires the dismissal of the criminal possession of a controlled substance in the seventh degree count, as a lesser inclusory count of the other possession charges. This result obtains regardless of the fact that defendant did not request the Trial Judge to charge the crimes in the alternative and the fact that he objected to neither the charge as given nor the verdicts reached. We note that, in this case, the counts of criminal possession of a controlled substance in the fifth and sixth degrees are not lesser inclusory counts of the sale charge, because the possession charges and the sale charge are based upon different facts. We have considered defendant's other arguments and find them to be without merit. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBINSON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed August 20, 1976. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Margett, J. P., Damiani, Rabin and Hawkins, JJ., concur.