THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered April 30, 1981, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree, after a nonjury trial, and imposing sentence. Judgment affirmed. It is alleged by the People that on March 27, 1977 the defendant shot at the complainant, and that the bullet grazed the complainant's left arm and left chest wall. At trial the complainant stated that after being forced at gunpoint to drive defendant to 164th Street in Queens he exited the car and was told by defendant to get into the trunk. The complainant ran instead. He stated that defendant chased him, and then shot at him and hit him in the left armpit. He continued to run until he entered a house in which a prayer service was being conducted and he locked the door. He further stated that when he was taken to the hospital for treatment, the bullet with which he had been shot fell out of his coat. In contrast to this, the officer who responded to the scene testified that he discovered the complainant in a hallway at 104-08 164th Street. The complainant was holding his left shoulder and said that he had been shot. The officer heard something hit the floor and found a spent .32 caliber bullet near the complainant's left foot. That portion of the complainant's hospital record containing the diagnosis was admitted into evidence over defense counsel's objection. The diagnosis read "gunshot wound of chest & [left] upper arm." The defendant was thereafter convicted of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree. Although the defendant raises several points on appeal we deem only two worthy of comment. The defendant argues that the admission of the above-quoted portion of complainant's hospital record was improper because it constitutes "medical history" rather than "diagnosis" and because no bullet was found or removed

from the complainant's body by the treating physician, the conclusion was necessarily based upon hearsay. We disagree. Because it is the business of a hospital "to diagnose and treat its patients' ailments" (*Williams v Alexander,* 309 NY 283, 287), entries made in a hospital record relating to diagnosis or treatment qualify for admission under the statutory business records rule (CPL 60.10; CPLR 4518, subd [a]). The diagnosis rendered would have been admissible if the attending physician had been called to testify, and therefore similar diagnoses have been admitted into evidence (see *People v Richardson,* 38 AD2d 990). Thus, the defendant's objections go to the weight of the diagnosis and not to its admissibility. The defendant next argues that pursuant to CPL 300.40 (subd 3, par [b]), a conviction on the attempted murder charge necessitates dismissal of the charges for assault and criminal possession of a weapon. Again we disagree. Assault and criminal possession of a weapon were at one time held to be lesser included offenses of attempted murder (see, e.g., *People v Rosado,* 53 AD2d 816; *People v Huffman,* 60 AD2d 962; and *People v Miles,* 58 AD2d 634). In the wake of the Court of Appeals decisions in *People v Green* (56 NY2d 427) and *People v Glover* (57 NY2d 61), such is no longer the case. Because it is possible to attempt murder in the second degree without possessing a gun and without physically injuring someone, assault and criminal possession of a weapon are not lesser included offenses of attempted murder in the second degree (see *People v Glover, supra; People v Green, supra; People v Hopkins,* 95 AD2d 870; CPL 300.30, subd 4), and hence, dismissal is not required by CPL 300.40. We have considered defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.