■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN YOUNG, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered September 15, 1980, convicting her of manslaughter in the first degree, upon a jury verdict, and sentencing her to an indeterminate term of imprisonment of 5 to 15 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of imprisonment of 2 to 6 years. As so modified, judgment affirmed. While walking to the store on the evening of November 10, 1979, defendant encountered the victim and her companion with whom defendant had previously had an argument. As she crossed their path, she accused

the victim of bumping her and demanded to know why. The victim denied any such contact and defendant, promising to "be back", ran to her mother's house and returned with a knife. The victim's companion, who observed defendant carrying the knife, struck her with an umbrella in an effort to disarm her. Nonetheless, defendant approached the victim and fatally stabbed her in the chest. Subsequently, defendant was indicted for murder in the second degree. At trial, the defense contended that the 20-year-old defendant was not criminally responsible for her acts "due to her mental retardation and superimpose [sic] psychosis", and that, in any event, she inflicted the fatal knife wound in self-defense. Although acquitting defendant of second degree murder, the jury found her guilty of the lesser included offense of manslaughter in the first degree. On appeal, defendant argues that her conviction must be reversed because, inter alia, the People failed to meet their burden of disproving beyond a reasonable doubt that two defenses interposed at trial, and the court's charge to the jury was inaccurate and misleading. We cannot agree. As to the first contention, the record amply supports the jury's verdict and its rejection of the proffered defenses. Not only did the prosecution present psychiatric testimony that defendant was sane at the time of the stabbing, but at least three eyewitnesses testified that defendant decamped after the initial confrontation and deliberately returned to the scene with a knife, thus negating any inference that defendant was unaware of her acts. Moreover, under no view of the evidence can it be maintained that defendant acted under a reasonable belief that the victim was using or was about to use deadly physical force against her or that defendant reasonably believed it necessary to use deadly force to repel an attack by the deceased (see Penal Law, § 35.15; People v Miller, 39 NY2d 543, 548; People v Horton, 18 NY2d 355). Even assuming, arguendo, that defendant did reasonably believe that deadly physical force was about to be used against her, there is absolutely no evidence that she was unable to retreat to the safety of her mother's home as she had after the initial confrontation (see Penal Law, § 35.15, subd 2, par [a]; People v Kennedy, 159 NY 346). As to defendant's contention with respect to the jury charge, it must be acknowledged that the trial court's instructions on first degree manslaughter premised on extreme emotional disturbance (Penal Law, § 125.20, subd 2) were far from a paragon of clarity. Nevertheless, the charge, in its entirety, was sufficiently clear so as to apprise the jury of the alternatives available to it. Nor do we accept defendant's contention that it was error for the court not to charge insanity as a defense to manslaughter. The fact is that following its charge on murder, the court did indeed give instructions on the insanity defense. Subsequently, after charging manslaughter, the court specifically stated: "I've also [previously] instructed you as to mental defect and deficiency. If you find at the time of the incident, the defendant, because of mental condition or defect, was unable to form a judgment — of course she could not form a judgment if she's mentally ill, and of course if you find she could not because of mental condition, you cannot find intent. If you cannot find intent * * * then you must acquit her of this charge". Under the circumstances, the jury had before it the defense of lack of mental capacity. In any event, no further requests to charge were made, and defendant failed to preserve this issue for appellate purposes. While we find defendant's remaining contentions regarding her conviction to be without merit, we agree that the sentence imposed was excessive in view of her mental retardation and her prior unblemished record. Accordingly, we reduce the sentence to the extent indicated (see People v Shakes, 90 AD2d 800). Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.