■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR AROCHO-VERA, Appellant. — Judgment of the County Court, Westchester County (Colabella, J.), rendered March 11, 1983, affirmed. No opinion. ¶ This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BOLTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered November 17, 1981, convicting him of burglary in the third degree, criminal mischief in the fourth degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Police officers apprehended defendant as he emerged from the basement of a two-family house. Several items of jewelry were found in defendant's possession and were identified at trial by the homeowner as belonging to his family. Defendant was convicted of burglary in the third degree, criminal mischief in the fourth degree and criminal possession of stolen property in the third degree. ¶ Defendant contends on appeal, *inter alia,* that the criminal mischief and possession of stolen property convictions must be dismissed on the ground that these charges are inclusory concurrent counts of the burglary count (see CPL 300.40, subd 3, par [b]; see, also, CPL 300.30, subd 4). ¶ It is true that at one time the determination of whether a crime was a lesser inclusory concurrent count depended upon whether the defendant, under the particular facts of the case, could have committed the greater offense without also committing the lesser offense (see, e.g., *People v Miles,* 58 AD2d 634). However, the Court of Appeals has made clear in *People v Green* (956 NY2d 427) and *People v Glover* (57 NY2d 61), that prior to any analysis of this issue based upon the facts of the particular case, a threshold focus of inquiry is required, to wit, whether considering in the abstract the Penal Law definition of the greater offense in relation to the definition of the claimed lesser offense, it is theoretically impossible to commit the greater offense without at the same time committing the lesser offense (see *People v Davis,* 95 AD2d 837, 838). At bar, the three crimes contain distinct elements. Defendant was found guilty of burglary in the third degree because he "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein" (Penal Law, § 140.20). His conviction of criminal mischief in the fourth degree (Penal Law, § 145.00, subd 1) was predicated on damage he caused to the complainant's property upon entering the premises. Similarly, the conviction of criminal possession of stolen property in the third degree involved elements distinct from the other crimes; the People were required to prove that defendant knowingly possessed stolen property with intent to benefit himself or a person other than the owner (Penal Law, § 165.40). Because all three crimes contained unique elements and defendant could have committed burglary in the third degree without also committing criminal mischief in the fourth degree or criminal possession of stolen property in the third degree, dismissal of the latter two convictions is not required by CPL 300.40 (subd [3], par [b]). ¶ We have reviewed defendant's remaining contention and find it lacks merit. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.