■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO IRAZARRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered June 24, 1983, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The proof adduced at trial established that on June 15, 1982, defendant and an accomplice robbed a grocery store in Brooklyn. During the course of this incident, the accomplice slashed the storekeeper with a knife, causing lacerations of his face and hand which required 31 stitches.

Defendant contends, on this appeal, that multiple errors in the court's charge to the jury denied him a fair trial. However, defendant's claims involving the court's instructions concerning the evaluation of circumstantial evidence, statements made by him to the police, and accessorial conduct have not been preserved for review, as a matter of law, since he failed to object to the portions of the charge which he now argues were improper (see, People v Cruz, 104 AD2d 949). Moreover, review is not warranted in the interest of justice under the circumstances of this case.

Also, we find no merit to defendant's contention that his conviction of assault in the second degree (Penal Law § 120.05 [2]) must be dismissed on the ground that it is an inclusory concurrent count of his conviction under the second count of the indictment charging robbery in the second degree (Penal Law § 160.10 [2] [a]). The focus of our inquiry on this issue must be whether, considering in the abstract the Penal Law definition of these two crimes, it is theoretically possible to commit the greater offense, robbery in the second degree, without also committing the lesser offense of assault in the second degree (People v Glover, 57 NY2d 61; People v Bolton, 103 AD2d 806). These two crimes contain distinct elements. While both require "physical injury", assault in the second degree under Penal Law § 120.05 (2) is also predicated on the use of a "dangerous instrument", an element not included in the crime of robbery in the second degree under Penal Law § 160.10 (2) (a). Because the two crimes contain unique elements and defendant could have committed assault in the second degree without also having committed robbery in the second degree, a dismissal of the assault conviction is not required by CPL 300.40 (3), (6).

We have reviewed defendant's remaining contention and find that it lacks merit. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.