■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO REYES, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered May 8, 1984, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree (two counts), after a nonjury trial, and imposing sentence.

Judgment affirmed.

A review of the record indicates that the People disproved the defense of justification beyond a reasonable doubt *(see, People v Reed,* 40 NY2d 204). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the record establishes that following the first confrontation between the parties, defendant retreated to his apartment and the decedent did not follow him. Thereafter, defendant returned to the scene of the prior incident carrying a baseball bat and a knife. Even assuming at this point that

defendant reasonably believed that the decedent was about to use deadly force against him, he was obligated to withdraw from the encounter rather than use deadly force himself since he had the ability to retreat in complete safety *(see, People v Mungin,* 106 AD2d 519; *People v Young,* 99 AD2d 791). Instead, defendant chose to remain and resort to more than necessary force to allegedly defend himself, and this second altercation resulted in the stabbing death of the decedent. On these facts, the defense of justification was not available to defendant *(see,* Penal Law § 35.15 [2]).

Defendant claims that the Trial Judge's consideration of evidence regarding alleged threats made by defendant's brother to a prosecution witness precluded the Judge from conducting a fair and impartial trial. This assertion is without merit. A Judge is deemed uniquely capable of distinguishing those issues properly presented to him from those not, and is presumed, absent a showing of prejudice, to have considered only the competent evidence adduced at trial in reaching the verdict *(see, People v Lombardi,* 76 AD2d 891). Here, the evidence was excluded from use at trial, the record reveals no partiality on the part of the Judge *(see,* Code of Judicial Conduct, Canon 3 [C] [1]), and defendant has made no showing of prejudice that would warrant reversal of the conviction *(see, People v Lombardi, supra).* Additionally, it is clear that the Judge was under no statutory obligation to disqualify himself *(see,* Judiciary Law § 14). Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.