■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MURDOCCA, Also Known as NICHOLA A. MURDOCCA, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Rosenblatt, J.), rendered December 20, 1984, convicting him of criminal contempt in the first degree (four counts), after a nonjury trial, and imposing sentence, and (2), by permission, from an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated June 24, 1985, which denied his motion pursuant to CPL article 440 to vacate the judgment.

Order affirmed, for reasons stated by Justice Rosenblatt.

Judgment affirmed.

The defendant was subpoenaed to testify before a Grand Jury investigating a certain meter-tampering and bill-fixing scheme. Before they brought him to testify, the prosecutors interviewed the defendant. He consistently denied any knowledge of the scheme itself; however, he related to the prosecutors some information evidencing that one of the individuals being investigated was involved in an extortion incident, and intimidated potential witnesses into dropping charges or refusing to testify. When questioned before the Grand Jury, however, the defendant failed to recall having made such statements to the prosecutors, and further failed to recall the occurrence of the events which he had earlier described.

There was sufficient evidence to convict the defendant of the four counts of criminal contempt in the first degree *(see,* Penal Law § 215.51; *People v Contes,* 60 NY2d 620, 621). The defendant's evasive profession of an inability to recall (before the Grand Jury) was properly found to be an intentional evasion *(see, People v Schenkman,* 46 NY2d 232, 239; *People v Ianniello,* 36 NY2d 137, 142).

There is no evidence that the trial court improperly considered testimony indicating that the defendant was somehow involved with the meter-tampering scheme. "A Judge * * * is presumed, absent a showing of prejudice, to have considered only the competent evidence adduced at trial in reaching the verdict" *(People v Reyes,* 116 AD2d 602, 603). Weinstein, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.