THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SINCERE MCKINLEY, Also Known as CHARLES ATKINS, Appellant.

The evidence was legally sufficient to support the verdict. In ascertaining the sufficiency of the proof of the element of forcible compulsion, it is the victim's perceptions that govern *(People v Coleman,* 42 NY2d 500, 505-506), and given the marked discrepancy in size and strength between the 11-year-old victim and the defendant, the trier of fact could have reasonably found that the forceful pushing and restraining of the victim by the defendant constituted an implied threat that placed the victim in fear of serious injury *(see, People v Bermudez,* 109 AD2d 674).

Moreover, the court's clear preclusive ruling pursuant to *People v Molineux* (168 NY 264) with respect to the evidence of prior bad acts sought to be offered by the People did not prevent the court from ultimately determining the defendant's guilt. A Judge is presumed to have considered only the competent evidence adduced at trial in reaching his verdict *(People v Brown,* 24 NY2d 168; *People v Lombardi,* 76 AD2d 891; *see also, People v Murdocca,* 120 AD2d 682; *People v Reyes,* 116 AD2d 602), and there is absolutely no indication in the record that the Trial Judge's verdict was based on anything other than competent evidence.

Finally, we note that the court did not err in refusing to

admit into evidence that portion of the victim's hospital record that revealed his history since there was no testimony that the patient's history was in any way relevant to his diagnosis and treatment *(see, People v Davis,* 95 AD2d 837; *People v Richardson,* 38 AD2d 990; *People v Conde,* 16 AD2d 327).* Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.