■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered December 17, 1985, convicting him of rape in the first degree, sexual abuse in the first degree and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that he was subjected to an improper course of cross-examination and was thereby deprived of a fair trial. We disagree. It is well settled that trial courts have broad discretion in determining the extent to which the prosecution should be permitted to impeach the credibility of a testifying defendant through use of his prior convictions or bad acts *(People v Mayrant,* 43 NY2d 236; *People v Sandoval,* 34 NY2d 371). We perceive no abuse of discretion in the trial court's ruling that inquiry could be made of the defendant regarding a 1973 conviction for criminal trespass. While the lapse of time may to some extent affect the materiality of a prior conviction *(People v Williams,* 56 NY2d 236, 239; *People v Sandoval, supra,* at 376), the fact that a conviction is temporally remote does not, by itself, mandate preclusion of cross-examination with respect thereto *(see, People v Emmons,* 123 AD2d 475, *lv denied* 69 NY2d 827; *People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056; *People v Crandall,* 108 AD2d 413).

Nor was the questioning of the defendant regarding a series

of uncharged assaults improper. The general rule is that where a witness denies having committed a prior wrongful act, the cross-examiner may not undertake to refute the denial by proving contradictory facts. The cross-examiner is not, however, thereby prohibited from continuing with his inquiry in an effort to induce the witness to change his testimony *(People v Sorge,* 301 NY 198; *People v Simpson,* 109 AD2d 461, *appeal dismissed* 67 NY2d 1026; Richardson, Evidence § 491 [Prince 10th ed]). The prosecutor questioned the defendant in good faith and upon a reasonable basis in fact *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *People v Simpson, supra)* and his continued cross-examination did not transcend the bounds of propriety.

While the defendant was subjected to an improper line of questioning regarding prior traffic infractions *(see, People v Dickman,* 42 NY2d 294, 298; *People v Griffin,* 116 Misc 2d 751, 758; Vehicle and Traffic Law § 155), we view this error, arising in the context of a bench trial, to have been harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Brown,* 24 NY2d 168; *People v Murdocca,* 120 AD2d 682, *lv denied* 68 NY2d 815; *People v Reyes,* 116 AD2d 602, *lv denied* 67 NY2d 949).

Finally, the sentence imposed was neither inconsistent with sound sentencing principles nor inappropriate *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.