■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SOLOMON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 6, 1987, convicting him of robbery in the first degree, assault in the first degree, coercion in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the man who robbed, assaulted and coerced the complainant. Viewing the evidence adduced at the trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant stopped the complainant as she walked home alone at night from the train station. He announced, "This is a stick up" and slashed the complainant's face with a razor. He took her pocketbook, when she held it out to him, and threw it towards a nearby wooded area. Then, he dragged her into the woods. When she ran away, he caught her, slashed her face again with the razor and dragged her back into the woods, threatening to kill her if she did not cooperate. After he stripped off her pants and underwear, she escaped. Although the defendant contends that his throwing the pocketbook into the woods indicated that he did not intend to permanently deprive the complainant of her pocketbook, based on the evidence, the jury could have concluded that the defendant intended to render it unlikely that the complainant would recover her property.

The unwavering identification testimony of the complainant, who had ample opportunity to view the defendant during his commission of the crimes, was in and of itself sufficient to support the defendant's conviction (see, People v Milliner, 133 AD2d 853, lv denied sub nom. People v Jones, 70 NY2d 956, lv denied 70 NY2d 958).

The jury was entitled to give great weight to the complainant's testimony and to reject the testimony of the alibi witnesses, who testified that six weeks after the crimes, they recalled that the defendant was with them, based largely on their customary activities on Thursday nights, which activities were not distinguishable from their customary Tuesday night activities. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contention that his conviction for assault in the second degree (Penal Law § 120.05 [6]) must be dismissed on the ground that it is an inclusory concurrent count of his conviction for robbery in the first degree (Penal Law § 160.15 [3]). Considering the definition of these two crimes in the abstract, it is theoretically possible to use or threaten the immediate use of a dangerous instrument without also causing physical injury. Therefore, dismissal of the assault conviction is not required by CPL 300.40 (3) and (6) (see, People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427, rearg denied 57 NY2d 775; People v Bolton, 103 AD2d 806).

Similarly, coercion in the first degree is not an inclusory count of assault in the first degree (Penal Law § 120.10 [1]) since it is not impossible to intentionally cause physical injury without concomitantly compelling a person to engage in conduct by instilling in the victim a fear that the defendant will cause physical injury to her (Penal Law §§ 135.65, 135.60). Since both assault in the second degree and coercion in the first degree are class D felonies, they constitute "non-inclusory" counts (CPL 300.30 [4]; People v Brown, 67 NY2d 555, cert denied 479 US 1093). Therefore, dismissal of

the coercion conviction is not required by CPL 300.40 (3) and (6).

The sentence the defendant received was not unduly harsh or excessive. The sentencing court recognized that the coercion was not a violent felony and imposed a legal sentence. Because there was full compliance with CPL 400.15 and the defendant admitted the truthfulness of a predicate felony allegation and did not controvert the validity of that conviction, he was properly sentenced as a second felony offender upon his coercion conviction *(see, People ex rel. Colon v Reid,* 70 AD2d 893, *lv denied* 48 NY2d 602).

We have reviewed the defendant's additional contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.