■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH TORO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 10, 1987, convicting him of robbery in the first degree (two counts), grand larceny in the third degree (three counts), endangering the welfare of a child (two counts), burglary in the first degree, robbery in the second degree, rape in the first degree, sodomy in the first degree (two counts), and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we reject the defendant's contention that the trial court's *Sandoval* ruling constituted an improvident exercise of discretion. It is well settled that a *Sandoval* application is addressed to the broad discretion of the trial court, and the resulting ruling will not lightly be set aside *(see, People v Bennette,* 56 NY2d 142; *People v Taylor,* 135 AD2d 848; *People v Scott,* 118 AD2d 881). The record in this case demonstrates that the court engaged in the requisite balancing of probative value against prejudicial effect in reaching an appropriate compromise ruling *(see, People v Pavao,* 59 NY2d 282). The mere fact that some of the defendant's prior convictions were not recent or were similar to the offenses charged in this case does not automatically preclude their use for impeachment purposes *(see, People v Winfield,* 145 AD2d 449; *People v Taylor, supra).* Accordingly, we discern no basis for disturbing the court's *Sandoval* ruling herein.

Similarly unavailing is the defendant's contention that his guilt was not proven beyond a reasonable doubt. Viewing the

evidence adduced at trial, including the eyewitness testimony and fingerprint analysis, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Insofar as the defendant's claim focuses upon the credibility of the prosecution's witnesses, we note that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Additionally, we note that there is no requirement that a claim of rape or sodomy by forcible compulsion be corroborated by medical evidence *(cf.,* Penal Law § 130.16).

We have considered the defendant's remaining contentions raised in his supplemental *pro se* brief and find them either to be unpreserved for appellate review or without merit. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.