■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered October 12, 1988, convicting him of rape in the first degree, sodomy in the first degree (two counts), and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the court's verdict was against the weight of the evidence. Moreover, he claims that the verdict, convicting him of some of the statutory rape and sodomy charges, but acquitting him of all of the "forcible compulsion" rape and sodomy charges was repugnant. For the first time on appeal, the defendant also complains that the court erred when it allowed the People's medical expert, the pediatrician who had examined the infant complainant, to testify to matters outside his expertise.

In weighing the evidence, particularly in reviewing the credibility of witnesses, this court must accord deference to the findings of the trier-of-fact because of its unique "opportunity to view the witnesses, hear the testimony and observe demeanor" *(People v Bleakley,* 69 NY2d 490, 495). Unless these findings are "manifestly erroneous" or "so plainly unjustified by the evidence that the interests of justice necessitate their nullification" *(People v Garafolo,* 44 AD2d 86, 88), they will not be disturbed on appeal *(see, People v Gaimari,* 176 NY 84). This rule is equally applicable where the trier-of-fact is a Trial Judge. The trial court, in a nonjury trial, is presumed, absent a showing of prejudice, to have considered only the competent evidence adduced at trial in reaching its verdict *(see, People v Sims,* 127 AD2d 805, 806; *People v McKinley,* 124 AD2d 752). Here, the testimony of the People's witnesses was not incredible or unbelievable. Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's argument regarding the alleged repugnancy of the verdict was not preserved for appellate review by his application pursuant to CPL 330.30 to set aside the verdict *(see, People v Alfaro,* 66 NY2d 985, 987). In any event, a repugnant verdict exists only where the charged crimes contain identical elements, which is not the case here *(see, People v Tucker,* 55 NY2d 1, 6; *see also, People v Goodfriend,* 64 NY2d 695, 697).

The defendant also failed to preserve for appellate review his claim that the People's medical expert was permitted to testify about matters outside his area of expertise *(see,* CPL 470.05 [2]) and we decline to reach the issue in the interest of justice.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.