■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YA-KO CHI, Appellant. [898 NYS2d 619]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered September 7, 2007, convicting him of assault in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

On June 25, 2005, Guillermo Alfonso Moralez Chacon (hereinafter Moralez) was stabbed on the street near a bodega in Queens. Moralez testified that the defendant, whom he knew from the neighborhood, was the person who stabbed him. Although initially he did not correctly identify the defendant at trial, he eventually did identify the defendant as his assailant.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity at the trial to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Fortunato*, 70 AD3d 851 [2010]; *People v Madison*, 61 AD3d 777, 779 [2009]).

However, a new trial is required because of the Supreme Court's improper admission into evidence, over the defendant's objection, of Moralez's testimony that a relative of the defendant gave him $5,000 not to testify and also offered him additional money. Here, there was no showing that the defendant participated in the alleged attempt by his relative to interfere with Moralez's testimony at trial (*see People v Brooks*, 292 AD2d 540, 541 [2002]; *People v Ramdowe*, 204 AD2d 663, 664 [1994]). This inflammatory evidence was not admissible to impeach the credibility of the People's own witness, or to infer the defendant's guilt (*cf. People v Fitzpatrick*, 40 NY2d 44, 49-50 [1976]; *People v Freeman*, 9 NY2d 600, 603 [1961]; *People v Brazzeal*, 172 AD2d 757 [1991]).

Although the trial court in a nonjury trial is presumed to have considered only competent evidence in reaching its verdict (*see People v Kozlow*, 46 AD3d 913, 916 [2007]; *People v Walker*, 175 AD2d 146, 147 [1991]; *People v Sims*, 127 AD2d 805, 806

[1987]; *People v Reyes*, 116 AD2d 602, 603 [1986]), here, this presumption was rebutted when further testimony on the subject was permitted and elicited by the trial court. Under the particular factual circumstances of this case, where the evidence of the defendant's guilt was not overwhelming, this error was not harmless and requires reversal (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Wilkinson*, 71 AD3d 249 [2010]; *People v Thomas*, 68 AD3d 1141 [2009]). Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.