People v Gonsalves (2019 NY Slip Op 01792)





People v Gonsalves


2019 NY Slip Op 01792


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-03706
 (Ind. No. 8763/14)

[*1]The People of the State of New York, respondent,
v
David Gonsalves, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered February 26, 2016, convicting him of robbery in the first degree, robbery in the second degree, robbery in the third degree, assault in the second degree, assault in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial in accordance herewith.
The defendant was convicted of robbery in the first degree, robbery in the second degree, robbery in the third degree, assault in the second degree, assault in the third degree, and petit larceny, upon a jury verdict, in connection with the robbery of Robert Fernandez at gunpoint inside a barbershop Fernandez owned in Brooklyn. At trial, the People presented Fernandez's testimony that the robber was wearing a jacket with a hood over his head and a scarf covering his nose and mouth so that only his eyes, the bottom part of his forehead, and part of his nose were visible. Fernandez further testified that the defendant, whom Fernandez knew as a former customer, was the person who robbed him, taking cash, his cell phone, and his keys.
We agree with the Supreme Court's denial of the defendant's application, made prior to jury selection, for a Rodriguez and a Wade hearing (see United States v Wade, 388 US 218; People v Rodriguez, 79 NY2d 445; People v Foster, 217 AD2d 558).
However, the Supreme Court should not have admitted into evidence, over the defendant's objection, Fernandez's testimony that the defendant's stepfather came to the barbershop several days after the robbery, to say he was "sorry" for what the defendant had done, to return Fernandez's keys, and to offer Fernandez a replacement cell phone. There was no showing that the defendant participated in or was in any way connected to his stepfather's actions (see People v Buzzi, 238 NY 390, 398; People v Ya-ko Chi, 72 AD3d 709, 710; People v Brooks, 292 AD2d 540, 541).
We also exercise our interest of justice jurisdiction (see CPL 470.15[6][a]) to reach the defendant's unpreserved contention that the testimony of an investigating detective recounting [*2]a conversation with an anonymous informant, a nontestifying witness, violated the defendant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (see US Const Sixth Amend). The informant reportedly was an eyewitness to the crime and identified the defendant by name. The testimony "went beyond the permissible bounds of provid[ing] background information as to how and why the police pursued [the] defendant" (People v Garcia, 25 NY3d 77, 86 [internal quotation marks omitted]; see People v Rawlings, 178 AD2d 619; cf. People v Lowe, 166 AD3d 901).
Since the evidence of guilt was not overwhelming, these errors were not harmless (see People v Crimmins, 36 NY2d 230, 241-242). Accordingly, the defendant is entitled to a new trial.
Upon retrial, we remind the People that, on summation, a prosecutor may not "improperly encourage[ ] inferences of guilt based on facts not in evidence" (People v Fisher, 18 NY3d 964, 966; see People v Powell, 165 AD3d 842). Here, there was no evidence to support the prosecutor's assertion that Fernandez had identified the defendant as the robber "immediately" by recognizing a distinctive "dot" on the defendant's face.
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court