People v Kagan (2022 NY Slip Op 02283)

People v Kagan

2022 NY Slip Op 02283

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2014-11337
 (Ind. No. 11177/98)

[*1]The People of the State of New York, respondent,
v
Donald Kagan, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), dated September 25, 2014, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate so much of a judgment of the same court (Frank J. Barbaro, J.) rendered December 22, 1999, as convicted him of murder in the second degree, after a nonjury trial, and imposed sentence on that conviction.
ORDERED that the order is reversed, on the law and the facts, the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment as convicted him of murder in the second degree and imposed sentence on that conviction is granted, that portion of the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count of the indictment.
On November 4, 1998, the defendant, who is white, fatally shot the victim, who was black, outside of a movie theater. On October 12, 1999, the defendant was convicted, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the second degree. The trial was presided over by Justice Frank J. Barbaro. In January 2011, Justice Barbaro, who had been socially and politically "active in civil rights causes" his entire career, contacted defense counsel and requested a transcript of the trial. After reflecting on the case, Justice Barbaro realized that his experiences as a civil rights activist "influenced [his] analysis" of the case, and that he "had incorrectly framed the issue as being whether the defendant was motivated in his actions by racism rather than whether or not his criminal intent was established beyond a reasonable doubt."
In August 2012, the defendant moved pursuant to CPL 440.10 to vacate so much of the judgment as convicted him of murder in the second degree and imposed sentence on that conviction. On the People's consent, a hearing was held, at which Justice Barbaro testified. In an order dated September 25, 2014, the Supreme Court denied the defendant's motion. The court determined, in effect, that Justice Barbaro's testimony at the hearing was not credible, and found "that there is no evidence [Justice Barbaro] acted with bias towards the defendant at the time the verdict was rendered," and that "Justice Barbaro's claims of bias and prejudice are mere afterthoughts or second guesses." A Justice of this Court granted the defendant leave to appeal from the order.
"One of the most important rights afforded a criminal defendant under our system of justice is the right to a fair trial before an unbiased fact finder" (People v Arnold, 96 NY2d 358, 362; see People v Williams, 302 AD2d 412, 413). While it is true that the trial court, in a nonjury trial, is presumed to have considered only the competent evidence adduced at trial in reaching its verdict (see People v Ya-ko Chi, 72 AD3d 709, 710; People v Walker, 175 AD2d 146, 146), that presumption was rebutted by Justice Barbaro's admission at the hearing that he was not fair and impartial when he presided over the defendant's nonjury trial, and that his bias and prejudices played a role in his decision making. Justice Barbaro's statements "cast serious doubt on his ability to render—and his actual rendering of—an impartial verdict" in this case (People v Estella, 68 AD3d 1155, 1158). Accordingly, because the defendant demonstrated, by a preponderance of the evidence, that the judgment was obtained in violation of his right to a fair trial before an unbiased fact-finder, the Supreme Court should have granted the defendant's motion to vacate so much of the judgment as convicted him of murder in the second degree (see CPL 440.10[1][h]; 440.30[6]).
Accordingly, we reverse the order dated September 25, 2014, grant the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment as convicted him of murder in the second degree and imposed sentence on that conviction, and remit the matter to the Supreme Court, Kings County, for a new trial on that count of the indictment.
The defendant's remaining contention is without merit.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court