■ In the Matter of the Estates of HERMAN C. SMITH and CECILE L. SMITH, Deceased. LEO J. GANGL, Appellant; VINCENT D. TRYON, as Executor of HERMAN C. SMITH and CECILE L. SMITH, Deceased, et al., Respondents. — Appeals (1) from an order of the Surrogate's Court of Tompkins County (Dean, S.), entered July 25, 1980, which, following a nonjury trial, determined objections to an intermediate accounting filed by Vincent D. Tryon, as executor of the estates of Herman C. Smith and Cecile R. Smith, deceased, and (2) from an order of said court, entered December 26, 1980, which, *inter alia,* denied a motion by Leo J. Gangl to disqualify the Surrogate from further proceedings in regard to the estates. Cecile L. Smith died testate in February, 1969. Her husband, Herman, died testate in August, 1970. Vincent Tryon was named executor of Herman's estate and he retained attorney Leo Gangl to settle the estate. In February, 1973, upon petition of Earl J. Smith and Ida Mae Barto, beneficiaries of the estate, and pursuant to order of the Surrogate's Court, Tryon filed an intermediate account prepared by Gangl. Subsequently, Tryon dismissed Gangl and retained the law firm of Thaler & Thaler. The beneficiaries filed objections to the intermediate account, charging, among other things, that Tryon and Gangl were delinquent and remiss in their responsibilities as executor and attorney and that Tryon had improperly paid out certain sums to himself, Gangl and others. After trial on the objections, the court found, *inter alia,* that Tryon, in obedience to Gangl's instructions, improperly paid out certain sums to himself and Gangl, and that Gangl was guilty of "self-dealing and neglect with respect to the estate". Accordingly, the court surcharged Tryon and Gangl those amounts necessary to reimburse the estate. Additionally, the court deferred certain claims of Tryon and Gangl until the final accounting, and ruled that CPLR 4519 (the Dead Man's Statute) is applicable to limit evidence submitted by Gangl relating to statements made by Herman Smith. An order on the court's decision was entered July 25, 1980 and Gangl filed an appeal therefrom. Subsequently, Gangl and the Surrogate became involved in a dispute over the trial transcript and settlement of the record. Gangl then moved to disqualify the Surrogate from further proceedings alleging that the court was biased toward him and acted in an unprofessional manner. Gangl also sought to disqualify attorney Fred Weinstein (of the firm of Thaler & Thaler) from representing the estates, alleging a conflict of interest. Both motions to disqualify were denied by the Surrogate by decision and order dated December 26, 1980, from which Gangl also appealed. The order determining objections should be modified. Attorney Gangl should not have been surcharged for the payments the executor made to him. The Surrogate incorrectly held that the payments the estate made to Gangl for past legal and accounting services, for payments due on a land-sale contract, and for fees in representing the estate of Cecile Smith were prohibited by the Surrogate's Court Procedure Act and case law. The court erroneously relied on SCPA 2307 and 2110. Such payments to Gangl were lawful. SCPA 2307 provides that if a fiduciary (other than a trustee) is an attorney, and has rendered legal services in connection with his duties as a fiduciary, the court on an accounting must allow such compensation for the services as may appear just and reasonable (SCPA 2307, subd 1). Gangl, however, was not a fiduciary as defined in the statute (see SCPA 103, subd 21). Moreover, the services for which he was paid were not rendered in connection with anything having to do with Herman Smith's estate. Thus, it is clear that SCPA 2307 is not applicable to Gangl's claim. SCPA 2110 gives the Surrogate's Court authority to fix and determine the compensation of an attorney for services rendered in connection

with estate matters. The services Gangl was paid for were not rendered in connection with the estate; rather, they were performed for the decedent prior to his death. Consequently, SCPA 2110 cannot serve as a basis for holding that the estate unlawfully paid Gangl's claims. The Surrogate also incorrectly concluded that the sums received by Gangl must be returned "because they are all found to be legally and equitably without justification". The Surrogate arrived at this conclusion when he incorrectly placed the burden of establishing the validity of these claims on Gangl. That responsibility belonged to the objectants. As the objectants failed to meet their burden of proof, the claims should be allowed, and no reimbursement is due to the estates. In relation to Gangl's claim for services rendered pursuant to the land-sale contract, the Surrogate wrongfully held that the maximum amount to which Gangl was entitled was $1,125. The contract language clearly provides that this compensation is to be paid in each of three years. Furthermore, the Surrogate's holding that it was up to Gangl to show nonpayment of the money due him under the contract was also incorrect. The burden was on the objectants to prove payment. Next, we consider certain claims made against the estate by Gangl: (1) attorney's fees in the sum of $1,000 for legal services rendered to the estate between August 2, 1970 and April 3, 1973; (2) $500 for legal services rendered in defense of a libel action; (3) $2,274 owed under the land-sale contract; and (4) $50 paid to the Tompkins County Clerk as a fee for filing the intermediate accounting. The Surrogate improperly declined to entertain Gangl's "unpaid" claim of $1,000 for legal services rendered by him to the estate between August 2, 1970 and April 3, 1973. The Surrogate has the discretionary power to entertain the request for allowance of such fees pursuant to SCPA 2101 (subd 1, par [b]) (see *Matter of Brehm,* 37 AD2d 95, 97). The Surrogate did not state any reason for declining to consider this claim and indeed, none exists. Gangl and Tryon testified fully regarding the services performed by Gangl for the estate at the trial. Relitigation of this issue would be an unnecessary duplication of judicial time and effort. Under these circumstances, the court abused its discretion in declining to consider the claim. Indeed, the claim appears reasonable and should have been entertained and allowed. An attorney's fee of $500, claimed by Gangl for services rendered by him in defense of a libel action in which Gangl was a codefendant with the estate and others, was properly disallowed since the record establishes that Gangl waived his fee in that matter. The Surrogate erred in denying Gangl's claim that he was entitled to the payment of $1,125 in connection with the land-sale contract. There was proof offered at the trial that Gangl was owed the money and, as indicated above, the contract itself clearly provided that Gangl was to receive $1,125 annually. Gangl's claim of $50 due him as reimbursement for his payment of a filing fee for the intermediate accounting was not addressed by the Surrogate. This claim is not disputed and should have been allowed. Thus, Gangl is entitled to $3,325 from the estate for legal services rendered, payments owed under the land-sale contract and the filing fee for the intermediate accounting. The Surrogate's Court further erred when it held that Gangl should be surcharged for the value and expense of the underproductive property, the Smith's residence. The attorney for an estate is not a "fiduciary" as defined in EPTL 11-1.1 and, therefore, does not have the power to control the estate's assets. That power belongs to the executor. Thus Gangl, as attorney for the estate herein, should not be held responsible for mismanagement of the assets. The Surrogate, in his order, did not surcharge Gangl for any of the penalties incurred as a result of any negligence on his part in handling the estate, but referred that to the final accounting. We, therefore, do not reach that issue at this time. Consideration of the specific claims of negligence is not necessary to the disposition of the issues raised on this

appeal. We decline to disturb the Surrogate's denial of the motion made by Gangl to disqualify him from the proceedings on the ground of bias. The presence of bias or prejudice on the part of a sitting Judge is generally a matter of personal conscience *(Casterella v Casterella,* 65 AD2d 614, 615, app dsmd 46 NY2d 939) and is, at best, a matter of discretionary disqualification. The record does not support the conclusion that the Surrogate was so biased that his failure to disqualify himself was an abuse of discretion. We note that the Surrogate has retired from the Bench and Gangl's motion to disqualify him from any further proceedings involving the estates is, therefore, moot. Gangl seeks to challenge the denial of his motion before the Surrogate to disqualify attorney Fred Weinstein and the law firm of which he is a member from further participation in this case. This issue was decided by this court on May 26, 1981 when the court rendered an order denying Gangl's motion made here for an order disqualifying Weinstein. The issue has been litigated and is now the law of the case. Finally, we note that the Surrogate also erred in holding that CPLR 4519 operates as a bar prohibiting Gangl from testifying to transactions with Herman Smith. The cross-examination of Gangl at trial as to the prohibited transaction with Smith opened the door for Gangl to testify regarding such dealings and operated as a waiver of the protection afforded by CPLR 4519. Gangl's brief, submitted on these appeals, exceeds the limitations permitted by subdivision (a) of section 800.8 of the Rules of Practice of this court (22 NYCRR 800.8 [a]). As a sanction, the court will impose one bill of costs against him. Order entered July 25, 1980, modified, by reversing so much thereof as dismissed attorney Gangl's claims against the Smith estates (with the exception of his claim for defending a libel action) and so much thereof as struck from the record testimony concerning attorney Gangl's transactions with decedent, Herman Smith, and, as so modified, affirmed, with costs to respondents filing briefs against appellant Gangl. Order entered December 26, 1980, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.