■ In the Matter of VIOLA C. BILLINGS, Deceased. CLAUDIA C. NOSTRAND et al., Respondents; THOMAS P. DOUGHERTY et al., Appellants. (Matter No. 1.) LENORA COX, Respondent, v THOMAS P. DOUGHERTY et al., Appellants. (Matter No. 2.)—In (1) a proceeding, *inter alia,* for an accounting and to rescind a contract for the sale of real property entered into by the former coexecutors of the deceased's estate and (2) an action by the contract vendee against the former coexecutors for specific performance of the contract, the former coexecutors appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated March 31, 1986, as denied their motion to disqualify the Surrogate.

Order affirmed insofar as appealed from, without costs or disbursements.

During the conference in the Surrogate's chambers on February 18, 1986, which was convened, *inter alia,* to fix trial dates and frame the relevant issues in the underlying litigation, the Surrogate made several remarks to counsel for the former coexecutors of the subject estate which triggered a motion by the former coexecutors to have the Surrogate disqualify himself, on the ground of bias, from hearing and determining the issues. The motion was denied.

We have examined the transcript of the conference held in the Surrogate's chambers on February 18, 1986, and find that the Surrogate's remarks do not rise to a level which would support the conclusion that the Surrogate was "so biased that his failure to disqualify himself was an abuse of discretion" *(see, Matter of Smith,* 84 AD2d 664, 666). Nevertheless, the Surrogate's remarks were intemperate and unwarranted. If conduct of this nature continues, it may serve as the basis for the Surrogate's disqualification in the future. Mangano, J. P., Brown, Niehoff, Rubin and Spatt, JJ., concur.

■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Appellant, v RONNIE BRABHAM et al., Respondents.—Order of the Supreme Court, Nassau County, entered May 21, 1985, affirmed, with costs, for reasons stated in the memorandum decision of Justice McCaffrey at Special Term. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.