■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. GRIFFITHS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 26, 1988, convicting defendant

upon his plea of guilty of two counts of the crime of arson in the fourth degree.

In April 1988, a fire occurred in the Village of Cooperstown, Otsego County, which damaged several commercial properties. Defendant later confessed to starting the fire in a storage shed located at the rear of a business establishment known as the Shortstop Restaurant. This building was owned by Salvatore Sapienza.

Defendant was subsequently indicted on two counts of arson in the fourth degree. Defendant moved to suppress purported admissions and written statements, and for a *Sandoval* ruling on the admissibility of his prior conviction for criminal mischief. County Court ruled that defendant's statements were voluntary and that his prior criminal conviction would be admissible for impeachment purposes if defendant chose to testify.

Defendant then made an application for the County Judge to recuse himself pursuant to Judiciary Law § 14 or Code of Judicial Conduct Canons 1 to 3. Defendant further sought to vacate prior proceedings and restore the action to the prearraignment stage. In an affidavit submitted with the motion, defendant averred that the County Judge and Salvatore Sapienza were blood relatives within the sixth degree of consanguinity and that they shared a close personal relationship.

The County Judge denied the motion for recusal, stating that the last contact he had with Sapienza was some 10 years earlier as a result of a "chance meeting" between the two. The County Judge further stated that Sapienza's father and his father were first cousins and that Sapienza was a complaining witness and not a party to the criminal action.

Defendant thereafter entered into a plea bargain and agreed to waive his rights to appeal except as to the reasonableness of the sentence. At the time of the plea it was understood that defendant would receive a sentence no greater than 1 to 3 years' imprisonment. Prior to the date of sentencing, defendant sought reargument of the earlier motion for recusal, claiming that Sapienza, as a crime victim, should have been considered a party to the criminal action and this, coupled with the blood relationship, mandated recusal under Judiciary Law § 14. At sentencing, County Court denied the motion for reargument and adhered to its previous decision. Defendant was sentenced to two concurrent indeterminate prison terms of 1 to 3 years. This appeal by defendant ensued.

On appeal defendant asks this court to review whether the County Judge erred in refusing to recuse himself. We find defendant's contention that recusal was mandated, as a matter of law, to be without merit since Sapienza, as a crime victim, was not a party to the criminal action within the meaning of Judiciary Law § 14 *(see, Griessman v Fisher,* 252 NY 580, 581; *see also, People ex rel. Cooper v Sheriff of Washington County,* 208 App Div 823). Hence, the question of whether to recuse was a matter squarely within the court's discretion *(see, People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227; *People v Harris,* 117 AD2d 881, 882; *Matter of Smith,* 84 AD2d 664). Defendant's alternative contention, that the County Judge's decision not to recuse constituted an abuse of discretion, is the type of claim normally waived by a guilty plea *(see generally, People v Taylor,* 65 NY2d 1, 5) and we find no basis to reverse in the interest of justice. Therefore, it is not necessary to address defendant's claim that his explicit waiver of appeal rights when he pleaded guilty did not apply to his subsequent motion for reargument of his recusal request. We note, however, that this claim is of dubious validity where, as here, the motion for reargument set forth no new facts not ascertainable at the time of the plea and defendant failed to move to withdraw his plea or to vacate the judgment after he was sentenced.

Turning to the only issue effectively raised on this appeal, we are unpersuaded that defendant's sentence is harsh and excessive.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.