■ JOSEPH ALIZIO, Appellant, v PETER R. PERPIGNANO et al., Respondents, et al., Defendants. [666 NYS2d 39] —In an action, *inter alia*, to recover damages for breach of partnership agreements, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 24, 1996, which granted the motion of the defendants Peter Robert Perpignano, New Haven Plaza Associates, Florence Macagnone, Real Estate Associates Limited II, National Partnership Investment Corp., and National Partnership Investments Associates to dismiss the first through fourth, and sixth and seventh causes of action asserted in the complaint, and denied his cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with one bill of costs.

The plain meaning of the power of attorney executed by the plaintiff is that the plaintiff thereby expressly authorized Sydney Friedler to execute the Disbursement Agreement binding him. A power of attorney should be construed according to the natural meaning of its words, bearing in mind the purpose of the agency (*see, International Credit Corp. Div. v Roth,* 184 AD2d 251; *Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447). Having bestowed upon Friedler the power to execute the Disbursement Agreement on his behalf, the plaintiff cannot now claim that he did not approve of its terms (*see, Bradford Co. v Dunn,* 250 NY 461).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.