■ BARRY BEST, Respondent, v NINA BEST, Appellant. HERMAN TARNOW, Nonparty Respondent. [754 NYS2d 542] —Order, Supreme Court, New York County (Walter Tolub, J.), entered July 12, 2002, which, inter alia, granted plaintiff husband's motion to enforce the parties' so-ordered November 9, 2001 stipulation, in part, holding, inter alia, that the stipulation is binding and enforceable, and denied defendant wife's cross motion seeking, inter alia, the court's recusal, unanimously affirmed, with costs.

The cross motion for recusal was properly denied. There was no statutory basis for recusal (see Judiciary Law § 14), and the court's decision to continue to preside over the case constituted a proper exercise of its considerable discretion to determine whether recusal was warranted for bias or prejudice (see Matter of Smith, 84 AD2d 664, 666).

Also correct was the court's conclusion as to the enforceability of the parties' November 9, 2001 so-ordered stipulation. Contrary to defendant's contention, both her attorney and her brother, the latter acting on her behalf pursuant to a validly executed general durable power of attorney, had actual authority to enter into the stipulation, and even had actual authority been lacking, the stipulation would still be binding upon defendant by reason of her attorney's apparent authority to enter into it (see Hallock v State of New York, 64 NY2d 224, 231).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.