■ CITIBANK, N.A., Appellant, v HARVEY SILVERMAN et al., Respondents. [922 NYS2d 56]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 19, 2009, which denied plaintiff's motion for summary judgment, with leave to renew after the completion of discovery, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff established prima facie its entitlement to summary judgment on its cause of action to recover $10 million from defendants by submitting the credit agreement and the note executed by defendants and a power of attorney executed by them authorizing a business associate, Marc Roberts, to make withdrawals (*see Takeuchi v Silberman*, 41 AD3d 336, 336-337 [2007]). In opposition, defendants claimed that they were defrauded by Roberts, who allegedly directed the bank to

transfer the funds to his personal account without their knowledge.

We are not persuaded by defendants' argument that the power of attorney was invalid because it was not acknowledged in accordance with General Obligations Law former § 5-1501. Plaintiff's claims in this action are enforceable despite the alleged defect in the acknowledgment because respondents admit that they executed the power of attorney (*cf. Matter of Sbarra*, 17 AD3d 975, 976 [2005]). Moreover, defendants ratified the power of attorney and confirmed their indebtedness to plaintiff by listing it on a net worth statement and making interest payments on the debt (*see Chase Manhattan Bank v Polimeni*, 258 AD2d 361 [1999], *lv dismissed* 93 NY2d 952 [1999]). Defendants also acknowledged Roberts's power of attorney by merely revoking it in response to plaintiff's notice of default. Defendants did not at that time challenge the validity of the power of attorney or the amount of their indebtedness. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.