■ ROBBIE JAYE ORTIZ, JR., Respondent, v GENE BROOKS, Also Known as EUGENI SOLOMENNYI, Appellant. [23 NYS3d 387]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Silber, J.), dated October 27, 2014, which granted the plaintiff's motion to vacate a release and a stipulation of discontinuance and to restore the action to the active calendar, and denied his cross motion to enforce the terms of the parties' settlement agreement.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to vacate a release and a stipulation of discontinuance and to restore the action to the active calendar is denied, and the defendant's cross motion to enforce the terms of the parties' settlement agreement is granted.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was operating collided with a vehicle operated by the defendant. The plaintiff executed a power of attorney designating his attorney, Nick Banilov, as his attorney-in-fact. The power of attorney, among other things, granted Banilov the authority to "execute general and trust release and stipulations of discontinuance throughout the life of [the plaintiff's] claim/case." Subsequently, the parties reached a settlement, and Banilov, as attorney-in-fact for the plaintiff, executed a release. Banilov also signed a stipulation of discontinuance. The action was subsequently removed from the active calendar.

In January 2014, the plaintiff moved to vacate the release and the stipulation of discontinuance, and to restore the action to the active calendar. In support of the motion, Banilov contended, inter alia, that he mistakenly believed that his associate had obtained the plaintiff's approval before he executed the release, and that the plaintiff did not approve the terms of the settlement. The defendant opposed the plaintiff's motion, and cross-moved to enforce the terms of the parties' settlement agreement. In the order appealed from, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion, finding that Banilov did not have the authority to sign the release and discontinue the action. We reverse.

"A release is a contract, and its construction is governed by

contract law" (*Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]; *see Liotti v Galasso, Langione & Botter*, 128 AD3d 912, 912 [2015]; *Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d 667, 670 [2014]). " 'A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake' " (*Liotti v Galasso, Langione & Botter*, 128 AD3d at 912, quoting *Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]). Here, contrary to the Supreme Court's determination, the power of attorney executed by the plaintiff gave his attorney the authority to sign the release and discontinue the action (*see Bradford Co. v Dunn*, 250 NY 461, 467 [1929]; *Ferrarella v Godt*, 131 AD3d 563, 567 [2015]; *Best v Best*, 302 AD2d 295 [2003]; *Alizio v Perpignano*, 245 AD2d 477 [1997]; *see also Citibank, N.A. v Silverman*, 84 AD3d 425, 425 [2011]; *cf. Melstein v Schmid Labs.*, 116 AD2d 632 [1986]). Furthermore, the plaintiff failed to establish that the release and stipulation of discontinuance were the product of mutual mistake, duress, illegality, or fraud (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369 [2007]).

The parties' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the release and the stipulation of discontinuance and to restore the action to the active calendar, and should have granted the defendant's cross motion to enforce the terms of the parties' settlement agreement. Dillon, J.P., Austin, Roman and Barros, JJ., concur.