U.S. Bank N.A. v Ambroise (2020 NY Slip Op 07618)





U.S. Bank N.A. v Ambroise


2020 NY Slip Op 07618


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-04658
 (Index No. 27833/06)

[*1]U.S. Bank National Association, etc., appellant,
v
Anite Ambroise, et al., defendants.


Woods Oviatt Gilman, LLP, Rochester, NY (Cassie T. Dogali of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 26, 2017. The order denied the plaintiff's motion to vacate a voluntary discontinuance filed with the court on August 21, 2014, and to restore the action to the active calendar.
ORDERED that the order is affirmed, without costs or disbursements.
On August 21, 2014, the plaintiff discontinued this mortgage foreclosure action by filing a voluntary discontinuance (see CPLR 3217). In October 2017, the plaintiff moved to vacate the voluntary discontinuance and to restore the action to the active calendar. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff failed to establish any valid ground upon which a voluntary discontinuance may be vacated (see Ortiz v Brooks, 135 AD3d 921). The plaintiff's unilateral mistake in believing that the complaint was dismissed based upon a misreading of a prior court order did not warrant the vacatur of the voluntary discontinuance (see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960). Furthermore, the plaintiff fails to explain why a dismissal of the complaint would justify the filing of a voluntary discontinuance.
The plaintiff's contention that the voluntary discontinuance did not comply with the formal requirements set forth in CPLR 3217 is improperly raised for the first time on appeal. Moreover, given that its attorneys prepared, executed, and filed the voluntary discontinuance, the plaintiff has no cause to complain if the document it filed did not meet the requirements for a voluntary discontinuance under CPLR 3217.
Contrary to the plaintiff's contention, the voluntary discontinuance was executed by its attorneys of record (see GMAC Mtge., LLC v Galvin, 184 AD3d 750, 751), and, in any event, a technical failure to comply with CPLR 321 does not, in itself, render the acts of a new attorney a nullity (see Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009).
Contrary to the plaintiff's contention, the interests of justice also do not warrant vacatur of the voluntary discontinuance. The plaintiff delayed for more than two years in moving to vacate the voluntary discontinuance, and has exhibited overall neglect of this mortgage foreclosure [*2]action, which was commenced in 2006.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion to vacate the voluntary discontinuance and to restore the action to the active calendar.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court