Riley v New York City Tr. Auth. (2024 NY Slip Op 03837)

Riley v New York City Tr. Auth.

2024 NY Slip Op 03837

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01949
 (Index No. 708905/19)

[*1]Ayannah Riley, appellant, 
v
New York City Transit Authority, et al., respondents.

Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Greg Freedman], of counsel), for appellant.
Shein Johnson P.C., Melville, NY (Steven Johnson and Susan R. Nudelman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered January 10, 2023. The order denied the plaintiff's motion to vacate a voluntary discontinuance dated June 5, 2019.
ORDERED that the order is affirmed, with costs.
In May 2019, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in December 2018 while riding as a passenger in the defendants' Access-A-Ride van. In June 2019, the plaintiff discontinued the action by filing a notice of voluntary discontinuance without prejudice (see CPLR 3217). In March 2021, the plaintiff moved to vacate the voluntary discontinuance. In an order entered January 10, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, she failed to establish any valid ground upon which the voluntary discontinuance may be vacated (see U.S. Bank N.A. v Ambroise, 189 AD3d 1299, 1300; see also Ortiz v Brooks, 135 AD3d 921, 922). Under the circumstances of this case, neither the plaintiff's claim of law office failure nor the interests of justice warrant vacatur of the voluntary discontinuance filed almost two years prior to the plaintiff's motion to vacate the voluntary discontinuance (see U.S. Bank N.A. v Ambroise, 189 AD3d at 1300; see also Deutsche Bank Natl. Trust Co. v Clanton, 191 AD3d 846, 846-847).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the voluntary discontinuance.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court