■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALTON FITZGERALD, Appellant.— AULISI, J. Appeal from a judgment of the County Court of St. Lawrence County upon a verdict convicting defendant of the crime of issuing fraudulent checks in violation of section 1292-a of the Penal Law and the crime of grand larceny in the second degree. The indictment, involving 13 checks, charged defendant in 13 counts with issuing fraudulent checks and with grand larceny in 10 counts. Eight of these were dismissed during trial. No evidence was presented by the prosecution in two. The jury returned a verdict of not guilty in five counts and convicted in eight. Section 1292-a of the Penal Law renders guilty of a misdemeanor: "Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money * * * upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, although no express representation is made in reference thereto * * * and if money or property is obtained from another thereby is guilty of larceny and punishable accordingly." The defendant, a farmer and cattle dealer, contends that in issuing said checks there was no intention on his part to defraud; that he intended that the checks would be paid; that the proof was insufficient to prove intent to defraud and that the trial court erred in receiving in evidence the ledger sheets showing the balances in his bank account. He also argues that the trial court erred in its charge on the question of intent and in its instruction to the jury if it were unable to agree on some of the counts. We do not agree. An examination of the record fails to disclose any substantial errors. The trial court carefully

instructed the jury on the limited purpose for which the ledger sheets and the bank official's testimony were received in evidence. Judge FULD said in *People* v. *Dales* (309 N. Y. 97, 101) "When evidence of other crimes has no bearing other than to show that defendant is of a criminal bent or character and thus likely to have committed the crime charged, it is excluded. Where, however, it is relevant to negative the existence of accident or mistake, or to show the intent or motive with which the defendant acted, or a common scheme or plan, its probative value is deemed to outweigh the danger of prejudice, and the rules dictating exclusion will yield." Nor do we believe that there was any injustice done by the court's instructions to the jury on a disagreement with respect to some of the counts. A jury may disagree as to any or every count of an indictment or it may acquit or convict as to one or more of the counts of an indictment and disagree as to the remaining counts (*People* v. *Moore*, 261 App. Div. 876). A charge must be considered as a whole and if when so read no error appears, none was committed, even if a detached portion when read by itself might mislead a jury (*People* v. *Johnson*, 185 N. Y. 219). In a comprehensive charge, the trial court here carefully discussed the evidence and the law affecting each count and several times told the jury that if, after a consideration of all the evidence in the case, there remained a reasonable doubt as to the guilt of the defendant, then he was entitled to an acquittal; that the burden of proof was upon the People; that the defendant was entitled to the presumption of innocence until proven guilty; and that the proof must satisfy them beyond a reasonable doubt as to defendant's guilt, otherwise there should be a verdict in his favor. That the jury was not confused is evidenced by its verdict. The defendant's rights were fully protected. He had a fair trial and the record fails to disclose any error which would justify this court interfering with the verdict. In our view the proof of guilt was adequate to support the verdict. Judgment of conviction affirmed. Gibson, P. J., Herlihy, Taylor and Staley, Jr., JJ., concur.