■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LOMBARDI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 25, 1978, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. Judgment affirmed. A Trial Judge may properly decide defendant's pretrial *Sandoval* motion and continue to preside at trial; absent a showing of prejudice, the Judge, by virtue of his learning and experience, is presumed to have considered only the competent evidence adduced at trial in reaching his verdict. (See *People v Brown,* 24 NY2d 168; *Stephens v LeFevre,* 467 F Supp 1026.) Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE PATTERSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 28, 1977, convicting him of robbery in the first degree, burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court's equation, in its charge to the jury, of a reasonable doubt with a doubt to a moral certainty, to which no exception was taken, was improper *(People v Forest,* 50 AD2d 260, 262). However, when taken as a whole *(People v Fitzgerald,* 26 AD2d 712, 713), the charge did properly define the concept of reasonable doubt for the jury; the trial court's error, on the record before us, was harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230, 237). We have examined defendant's other contentions, and find them to be without merit. Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RUDGE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered June 7, 1978, convicting him of robbery in the third degree upon a jury verdict, and imposing sentence. Judgment affirmed. Although the defendant now asserts that his waiver of the presence of counsel at his prearraignment lineup could not have been effective in the absence of counsel, we find it unnecessary to reach the question. If there was any error in the admission of testimony concerning the lineup identification (to which no objection was made), it was rendered harmless beyond a reasonable doubt by the strong independent basis for the in-court identification by the victim and the fact that the lineup itself was not suggestive. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.