■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BISHOP, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 28, 1983, convicting him of robbery in the second degree (two counts), attempted rape in the first degree and sexual abuse in the first degree (two counts), after a nonjury trial, and imposing sentence.

Judgment affirmed.

The Justice presiding at the defendant's nonjury trial was familiar with the crime scene and surrounding area because he formerly served as an Assemblyman for that district. Initially, we note that the defendant's claim of prejudice has not been preserved for review because he failed to request the Trial Judge to recuse himself or otherwise voice any objection during the trial (CPL 470.05 [2]). In any event, the record is devoid of any evidence that the Trial Judge had personal knowledge of any disputed evidentiary facts material to the central issue of identification. Moreover, in the absence of any showing of prejudice, the Trial Judge is presumed, by virtue of his learning and experience, to have considered only the competent evidence in reaching his determination (*see, People v Brown,* 24 NY2d 168; *People v Lombardi,* 76 AD2d 891). There is no indication here that he substituted his personal knowledge of the area for the sworn testimony of the witnesses or that he relied upon certain inadmissible evidence in determining the issue of the defendant's guilt. Therefore, recusal of the Trial Judge was not mandated. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.