■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LATELLA, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Ritter, J.), rendered June 5, 1984, convicting him of criminal possession of stolen property in the second degree and driving a motor vehicle while in an intoxicated condition, upon his plea of guilty, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The fact that the Judge presiding at the defendant's suppression hearing was informed of the defendant's criminal background as a direct result of the defense's desire to pursue plea negotiations while the hearing was pending did not mandate his recusal. Indeed, the receipt of such information during the course of a *Sandoval* hearing does not preclude a Trial Judge from presiding at the subsequent bench trial (*People v Lombardi,* 76 AD2d 891). In the absence of a showing of prejudice, the Trial Judge is presumed, by virtue of his learning and experience, to have considered only the competent evidence adduced in reaching his determination (*see, People v Brown,* 24 NY2d 168; *People v Lombardi, supra*). In the case at bar, the record is devoid of evidence that the Judge presiding at the suppression hearing harbored any bias or prejudice against the defendant. The Judge properly declined to recuse himself upon determining that he could proceed in a completely fair and impartial manner, despite his knowledge of the defendant's criminal history (*see, Matter of Smith,* 84 AD2d 664, 666). We have examined the defendant's remaining contentions and find that they either have not been preserved for review as a matter of law (*see, People v Charleston,* 56 NY2d 886), or that they lack substance. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.