■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN A. HARRIS, Appellant.—Main, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 29, 1985, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

On November 16, 1984, defendant and three of his acquaintances robbed Schuster's Market in the Town of Union, Broome County. Defendant had purchased a pellet gun for use in the robbery and used the pellet gun to force store employee George Dale to unlock a market door. He struck Dale over the head and threatened to kill him if he did not open the safe. When the safe was opened, the quartet fled with over $1,000 in cash, a quantity of food stamps and other property. The four were later apprehended and indicted. Defendant entered a plea of not guilty but later indicated that he would like to plead guilty. When changing his plea, defendant, represented by competent counsel, revealed his part in the robbery; he admitted that he had purchased the pellet gun for use in the robbery, struck Dale over the head with it and taken the

money. The trial court then accepted the plea and sentenced defendant to 10 to 20 years' imprisonment.

Defendant, in seeking reversal of his conviction, now contends that the Trial Judge should have recused himself from the case, that one count of the indictment was defective, that the plea allocution was inadequate, and that the sentence was unduly harsh and excessive. Regarding the recusal issue, defendant claims that, because the Trial Judge had previously prosecuted him for grand larceny in 1981 as District Attorney, Judiciary Law § 14 mandated that he recuse himself from the case. For some period of time, the Court of Appeals has held that recusal, under circumstances such as those presented here, is not called for as a matter of law and that the decision on such a motion "is generally a matter of personal conscience" *(People v Smith,* 63 NY2d 41, 68, *cert denied* — US —, 105 S Ct 1226; *see, People v Tartaglia,* 35 NY2d 918, 919; *People ex rel. Stickle v Fay,* 14 NY2d 683, 684). Hence, reversal is not called for upon this ground.

As to the second issue, we conclude that the indictment constituted sufficient notice to defendant inasmuch as it specifically referred to Penal Law § 160.15 (3) *(see, People v Cohen,* 52 NY2d 584, 586). If any further information was required, it could have been easily obtained through a bill of particulars *(see, People v Iannone,* 45 NY2d 589, 597-598). Moreover, defendant has waived the issue by his guilty plea *(see, People v Cohen, supra,* p 587). However, defendant maintains there was no waiver for the reason that CPL 200.50 (7) (b) requires that the indictment contain a description of the dangerous instrument that was used and that the failure to so specify, as required by the statute, constitutes a jurisdictional defect which is not waived by a guilty plea *(see, People v Taylor,* 65 NY2d 1, 5). We reject this contention. CPL 200.50 (7) (b) requires a specific description in those situations where a defendant is charged with "any armed felony" as described in CPL 1.20 (41). Penal Law § 160.15 (3) refers to the use or threatened use of a dangerous instrument and, accordingly, there was no requirement that the instrument be described.

As to defendant's claim regarding the alleged deficiency of the allocution, we note that defendant failed to move to withdraw his plea prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, thereby failing to preserve the issue for appellate review *(see, People v Bryant,* 107 AD2d 817). In any event, examination of the record demonstrates that the allocution was sufficient.

Lastly, we decline to disturb the sentence. The severity of

the sentence rests with the sentencing court, and that sentence will not be reduced on appeal unless there has been a clear abuse of discretion *(People v Whalen,* 99 AD2d 883, 884-885). Extraordinary circumstances must be found before this court will interfere with the exercise of a trial court's discretion *(People v Caputo,* 13 AD2d 861). No such circumstances are presented and defendant's criminal record, standing alone, would indicate that there was no abuse of discretion.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.