■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MONTPEIROUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 25, 1985, convicting him of burglary in the second degree, criminal possession of stolen property in the third degree and possession of burglar's tools, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

A decision with respect to a recusal motion is generally a matter of personal conscience *(People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227, *reh denied* 471 US 1049; *People v Harris,* 117 AD2d 881, 882). The mere fact that the Judge who decided a pretrial *Sandoval* motion also presided at trial did not constitute an abuse of discretion. "[A]bsent a showing of prejudice, the Judge, by virtue of his learning and experience, is presumed to have considered only the competent evidence adduced at trial in reaching his verdict" *(People v Lombardi,* 76 AD2d 891; *accord, People v McKinley,* 124 AD2d 752). Moreover, the court's refusal to recuse itself after determining the inappropriateness of a proposed plea agreement does not deprive a defendant of a fair trial *(see, People v Smith,* 108 AD2d 763). Under the circumstances, where the record demonstrates that the trial court presided in a fair and impartial manner and the defendant was in no way prejudiced, the Trial Judge did not abuse his discretion in failing to recuse himself.

The defendant's extensive criminal history clearly justified the sentence imposed. We decline to exercise our discretion to reduce the sentence in the interest of justice *(see, People v Joseph,* 110 AD2d 716; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.