■ The People of the State of New York, Respondent, v Anthony Reid, Appellant

Initially, we find that the testimony of the complainant Thomas Bader in conjunction with the other prosecution witnesses was legally sufficient to support the jury's finding that the defendant caused the extensive and debilitating injuries suffered by the complainant *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the jury's finding that the defendant intentionally struck Bader in the head with a club is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court properly denied the defendant's motion to enforce the terms of the original plea bargain. The court adhered to the terms of the plea bargain negotiations by allowing the defendant to withdraw his guilty plea. It is well settled that

"any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon it being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (People v Selikoff, 35 NY2d 227, 238, cert denied 419 US 1122; see, People v Anonymous, 130 AD2d 497, lv denied 70 NY2d 708; People v Pittman, 129 AD2d 592, lv denied 70 NY2d 716; People v Harris, 118 AD2d 583, affd 69 NY2d 850). Where the court determines that it cannot sentence a defendant as indicated prior to the acceptance of the plea, the proper procedure is to permit the defendant the choice of either withdrawing his plea or accepting sentence (see, People v Pittman, supra; People v Grant, 99 AD2d 536). In the instant case, the sentencing court, upon a review of the presentence report, the recommendation of the prosecutor, and the statements of one of the complainants and his father concerning the extent of his injury, properly afforded the defendant that option.

Additionally, we reject the defendant's contention that the Trial Judge should have recused himself following the resolution of the plea proceedings. A decision with respect to a recusal is generally a matter of personal conscience (People v Smith, 63 NY2d 41, 68, cert denied 469 US 1227, reh denied 471 US 1049; People v Harris, 117 AD2d 881, 882). In the instant case, "[t]he court's refusal to recuse itself after having determined the inappropriateness of the proposed plea arrangement did not deprive the defendant of a fair trial" (People v Smith, 108 AD2d 763). The record before this court "demonstrates that the trial court presided in a fair and impartial manner and the defendant was in no way prejudiced [and, therefore,] the Trial Judge did not abuse his discretion in failing to recuse himself" (People v Montpeirous, 133 AD2d 709, lv denied 70 NY2d 935).

Finally, we find that the defendant has failed to establish prima facie that the prosecutor's peremptory challenges were employed for a discriminatory purpose (see, Batson v Kentucky, 476 US 79; People v Scott, 70 NY2d 420). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.