■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BURCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 15, 1987, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

A decision regarding recusal is generally a matter of personal conscience *(see, People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227, *reh denied* 471 US 1049;. *People v Reid,* 140 AD2d 641). The mere fact that the Justice who presided over the joint pretrial *Huntley* hearing and jury trial of the defendant's accomplice also presided at the defendant's bench trial did not constitute an abuse of discretion. An attempt by the defendant to equate knowledge acquired from the pretrial adjudication and the accomplice's trial "with an appearance of impropriety thus requiring recusal for bench trial purposes, finds no support in law, ethics or sound policy" *(People v Moreno,* 70 NY2d 403, 407). Based upon the record before us, we find that the trial court presided in a fair and impartial manner and the defendant was in no way prejudiced by the Trial Judge's failure to recuse himself *(see, People v Reid, supra; People v Montpeirous,* 133 AD2d 709, *lv denied* 70 NY2d 935).

The defendant's contention that he should have been permitted to withdraw his jury waiver finds no support in the record. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.