■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MANN, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial court improperly precluded him from impeaching a witness by cross-examining her about her allegedly immoral conduct. The questions were properly precluded because they were not designed to impeach her credibility, but to bring out the home background in which the victim was being raised. The questions were thus irrelevant.

We also reject defendant's contention that the trial court improperly allowed testimony about a prior uncharged crime. The challenged testimony was too vague to be assigned the meaning given to it by defendant. Defendant was tried without a jury, and we may presume that the trial court properly

"considered only the competent evidence in reaching [its] determination" *(People v Bishop,* 111 AD2d 398, *lv denied* 67 NY2d 649; *see, People v Moreno,* 70 NY2d 403, 406; *People v Brown,* 24 NY2d 168, 172). In any event, defendant has failed to preserve that issue for our review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642; *People v Cooper,* 147 AD2d 926, *lv denied* 74 NY2d 738).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Sexual Abuse, 1st Degree.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.