■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEREN PTAH, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 25, 1991, convicting defendant, after nonjury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of imprisonment of 7 to 14 years, unanimously affirmed.

The 71 year old complainant testified at trial that as she unlocked her apartment door, a man she had previously noticed in the building lobby and elevator pushed her into the apartment and struggled with her while he covered her mouth with his hand. Nevertheless, the complainant's screams caught the attention of a fellow-tenant and the building superintendent, who came to her aid. The complainant described the intruder as a male black, approximately six feet tall, with a full build, black hair and mustache, wearing a black leather jacket, white sweatshirt and dark pants.

The fellow-tenant and the building superintendent ran after the man as he fled from the building. During a 15 to 20 minute, two mile chase, the fellow-tenant (a jogger) followed the described man, whom he identified in court as defendant, and saw him run through a park, cross a highway, jump into the Bronx River and swim across, climb a fence on which he caught his pants, and finally run into a shed abutting a private house. The resident of the house called the police, who found defendant hiding in the shed. He fit the description provided by the complainant, his clothing was wet, and his pants were ripped.

Defendant testified that he was the person the complainant had let into the apartment building, but he did not do or say anything to alarm the complainant, who began screaming when she saw him approaching her apartment door. He said that he ran in fear for his safety because he was chased by people carrying bats or pipes, and he was ordered out of the shed by the police.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt beyond a reasonable doubt of burglary in the second degree was amply supported (see, People v Bleakley, 69 NY2d 490). The trial court, in the best position to assess credibility of witnesses, reasonably accepted the complainant's version of the conceded encounter between defendant and the complainant (see, e.g., People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734).

The record reveals that defendant's waiver of jury trial was made voluntarily, knowingly and intelligently, by his signing a waiver form in open court, following the court's explanation of the significance of such a waiver, and defendant's response that he was "fully aware of the ramifications of [his] decision." Defendant neither sought recusal by the trial court on the

ground that it had granted suppression of the showup identification (and thus was familiar with prejudicial identification testimony the very same Judge had excluded), nor is recusal mandated in these circumstances *(see, People v Moreno,* 70 NY2d 403, 404).

We have considered defendant's additional claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.