■ The People of the State of New York, Respondent, v Seiburt Watler, Also Known as Seiburt Walter, Appellant. —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 6, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to

concurrent terms of imprisonment of 9 to 18 years, unanimously affirmed.

Evidence at trial established that defendant, acting in concert with co-indictee Pedro Guzman, sold four vials of crack cocaine to an undercover police officer in exchange for prerecorded buy money. At the time of the sale, the officer observed defendant in possession of a clear plastic bag containing an additional 20 to 30 vials. The officer also observed defendant hand the prerecorded buy money to Guzman, from whom it was recovered.

Contrary to defendant's argument, the undercover officer's radioed transmission to his backup team of the completed buy, indicating the exact location and a description of defendant as one of the sellers, including sex, race, height, long green trench coat, white jeans, white sneakers and a "Pittsburgh Pirates" baseball cap, combined with the undercover officer's drive-by confirmatory identification at the scene, overwhelmingly established defendant's identity as one of the drug sellers *(see, e.g., People v Johnson,* 57 NY2d 969, 970-971). Any issue of credibility that may have arisen from the fact that at the time of defendant's on-the-scene arrest, approximately thirteen minutes after the sale, defendant no longer wore the baseball cap and no longer possessed the plastic bag containing additional vials of crack cocaine observed by the undercover officer at the time of the sale, was properly placed before the jury. Its determination, not unreasonable, will not be disturbed by this Court *(see, e.g., People v Baker,* 168 AD2d 297, *lv denied* 77 NY2d 903).

We perceive no abuse of discretion by the trial court in imposing a sentence well within the sentencing guidelines and less than that recommended by the People, after duly considering all relevant sentencing data *(People v Farrar,* 52 NY2d 302). Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.