■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 26, 1991, convicting him of burglary in the third degree (two counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the third degree (two counts), criminal mischief in the fourth degree (two counts), criminal possession of burglar's tools, and reckless driving, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the Trial Judge should have *sua sponte* recused himself after the codefendant negotiated a plea bargain in the midst of their nonjury trial. However, since no such request was made in the court of original instance, the defendant's claim has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Bishop,* 111 AD2d 398). In any event, where, as here, the allegedly prejudicial information is derived from the performance of the court's adjudicatory function, then the Trial Judge's decision not to recuse himself may not be overturned lightly *(see generally, People v Moreno,* 70 NY2d 403). Under the circumstances of this case, we hold that the Trial Judge did not improvidently exercise his discretion.

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) and, in any event, are without merit (see, *People v Arroyo,* 54 NY2d 567, 578, *cert denied* 456 US 979; *cf., People v Bailey,* 58 NY2d 272). Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.