■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DALMIDA, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered September 14, 1990, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 9 to 18 years, unanimously affirmed.

Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered November 23, 1990, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 7 to 14 years, to run concurrently with the above sentence, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932),

we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of robbery in the first degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The complainant's credibility, as well as her opportunity to observe, were placed before the jury, which accepted her testimony that defendant displayed what appeared to be a gun during the course of the robbery *(see, People v Ptah,* 183 AD2d 432, *lv denied* 80 NY2d 836). That defendant denied displaying a gun and that no gun was ever found are not dispositive factors mandating acquittal *(see, People v Watler,* 184 AD2d 305).

Lastly, the sentences were not excessive. Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.