■ The People of the State of New York, Respondent, v Ronald Krause, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction, after a nonjury trial, of four counts each of attempted rape in the first degree and sexual abuse in the first degree, two counts of endangering the welfare of a child, and a single count of assault in the third degree, all stemming from incidents involving two girls under the age of 11.

There is no merit to defendant's contention that there was a variance between the indictment and the People's proof concerning the time of the crimes. The younger victim testified on direct examination that the attempted rape occurred on the second day that her mother was in Washington, D.C., and other evidence established that this date was within the time frame set forth in the indictment. The victims testified that the remaining crimes were committed after the Washington trip and while their mother was out-of-town on business trips until the late evening. Although no specific date was mentioned, other evidence presented by the People established that such acts must have occurred within the time frame set forth in the indictment.

The trial court did not err in allowing an expert witness to testify regarding the child sexual abuse syndrome and, specifically, about the postincident conduct of abuse victims. That testimony was not elicited for the purpose of demonstrating that either child was sexually abused and was properly restricted to the psychological and emotional reactions of victims generally *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121; *People v Karst,* 166 AD2d 920, *lv denied* 76 NY2d 987).

We also reject defendant's contention that the court erred by admitting hearsay testimony of the victims' mother regarding some of the factual circumstances of the victims' complaints *(see, Baccio v People,* 41 NY 265; *People v Riggio,* 144 AD2d 951, *lv denied* 73 NY2d 981). Although the testimony did not relate to a prompt complaint, the court allowed the evidence because expert testimony established that child sexual abuse victims frequently delay in making their complaint. Much of the hearsay testimony was elicited to establish the time frame when the acts occurred, not the manner in which the crimes were committed. Because the case was tried before the court without a jury, "we may presume that the trial court properly 'considered only the competent evidence in reaching [its] determination' " *(People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969, quoting *People v Bishop,* 111 AD2d 398, *lv denied* 67 NY2d 649; *see also, People v Limpert,* 186 AD2d 1005).

Defendant's remaining contentions that the People failed to present legally sufficient evidence of forcible compulsion and that the assault victim suffered a "physical injury" likewise lack merit. We have reviewed the record and conclude that the trial court's determination is not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, Rogowski, J.—At-

tempted Rape, 1st Degree.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.