■ In the Matter of ASHANTI L., a Person Alleged to be a Juvenile Delinquent, Appellant. [613 NYS2d 45] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated July 16, 1992, which, upon a fact-finding order of the same court, dated June 4, 1992, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the denial, without a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Family Court, Queens County, to hear and report on that branch of the appellant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Family Court, Queens County, is to file its report with all convenient speed.

The supporting depositions annexed to the juvenile delinquency petition alleged that the appellant was arrested after a police officer saw him hold a bag of cocaine in plain view and then attempt to conceal it. In his motion, *inter alia*, to

suppress physical evidence, the appellant expressly denied that he held a controlled substance in plain view or tried to conceal it, thereby raising an issue of fact as to whether the police had probable cause to arrest him. The Family Court's denial, without a hearing, of the branch of the appellant's motion which was to suppress physical evidence was therefore error *(see, People v Mendoza,* 82 NY2d 415). However, there is no merit to the appellant's request that this Court order a suppression hearing before a different Judge, absent any showing of prejudice *(see, People v Montpeirous,* 133 AD2d 709). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.