■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ROSA, Appellant. [622 NYS2d 261] —Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered October 21, 1992, convicting defendant, after a non-jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment number 9369/91 and, upon his plea of guilty, of criminal sale of a controlled substance in the third degree under indictment number 9363/91, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on each count, unanimously affirmed.

Since defense counsel never requested that the Judge at this bench trial recuse himself from the *Sandoval* hearing, defendant's current challenge is unpreserved for appellate review *(see, People v Ptah,* 183 AD2d 432, 433-434, *lv denied* 80 NY2d 836). In any event, the Judge was not legally disqualified from conducting a bench trial which defendant requested based on a fully informed waiver of his right to a jury trial, despite having acquired information inadmissible before the fact finder of guilt or innocence *(People v Moreno,* 70 NY2d 403). The Judge is presumed to have considered only the legally competent evidence adduced at the trial and to have excluded inadmissible evidence from his deliberations and verdict *(People v Brown,* 24 NY2d 168; *People v Gibson,* 210 AD2d 8). The record fails to reveal any bias or impropriety on the part of the Judge in presiding over such hearing and trial, but rather, indicates that he was conscientious in protecting defendant's rights. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.