■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. SOLOMON, Appellant. [632 NYS2d 1005] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Offering False Instrument For Filing.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLIAMS, Appellant. [632 NYS2d 44] —Judgment unanimously affirmed. Memorandum: During his plea colloquy, defendant admitted that he grabbed a money bag from the victim. County Court satisfied its duty to inquire further "to ensure that defendant [understood] the nature of the charge and that the plea [was] intelligently entered" *(People v Lopez,* 71 NY2d 662, 666; *see, People v Toxey,* 86 NY2d 725; *People v Francis,* 38 NY2d 150, 153). In response to the court's question, "So you forcibly took this property from somebody on Wall Street?", defendant answered in the affirmative. That response demonstrates that defendant's guilty plea was knowing and voluntary. (Appeal from Judgment of Cayuga County Court, Corning, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGIN MAJEED, Appellant. [632 NYS2d 1004] —Judgment unanimously affirmed. Memorandum: Defendant's contention that Supreme Court should have referred all *Sandoval* issues to another Judge at defendant's bench trial is unpreserved for our review *(see,* CPL 470.05 [2]). In any event, it is without merit. The court precluded the prosecutor from questioning defendant regarding a prior incident, and "we may presume that the trial court properly 'considered only the competent evidence in reaching [its] determination' " *(People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969, quoting *People v Bishop,* 111 AD2d 398, *lv denied* 67 NY2d 649).

Upon our review of the record, we conclude that defendant's conviction of attempted rape in the first degree is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The medical evidence is not inconsistent with the victim's testimony. Moreover, the credibility of the victim was an issue for the trier of fact *(see, People v Troy,* 119 AD2d 880, 882). Finally, the sentence imposed is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Attempted Rape, 1st Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.