THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASPER TAYLOR, Appellant. [639 NYS2d 130]

The defendant was arrested during a so-called "buy-and-bust" operation after he allegedly sold four vials of crack cocaine to an undercover police officer. Prior to trial, the defendant moved, *inter alia,* for an order, pursuant to CPL 210.30, granting inspection of the minutes of the Grand Jury proceedings which resulted in the indictment and, upon the inspection of those minutes by the court, dismissing the indictment upon the ground that the evidence adduced before the Grand Jury was legally insufficient to sustain the indictment. The Supreme Court, Kings County, granted the defendant's motion "to the extent of the Court examining [the Grand Jury minutes] *in camera* on consent of the People" and, upon such examination, the court denied the motion. Thereafter, the defendant proceeded to trial and was convicted, upon a jury verdict, of the subject crime.

On this appeal, the defendant contends, among other things, that the evidence before the Grand Jury was legally insufficient to sustain the indictment. We find that appellate review of this claim is barred by CPL 210.30 (6). This statute clearly provides that where a motion to dismiss an indictment based upon an alleged insufficiency of Grand Jury evidence is denied and a judgment of conviction is subsequently rendered on legally sufficient evidence, appellate review of the order denying the legal insufficiency motion is barred. Accordingly, the defendant's claim that the evidence presented to the Grand Jury was legally insufficient is not reviewable on this appeal from the ensuing judgment of conviction because that judgment of conviction is based upon legally sufficient trial evidence.

We are not persuaded by the defendant's contention that notwithstanding the clear proviso of CPL 210.30 (6), this Court should nevertheless review his legal insufficiency claim based upon the holding of the Court of Appeals in *People v Pelchat* (62 NY2d 97). In that case, the Court of Appeals explicitly stated that CPL 210.30 did not restrict its authority to review

the validity of the evidence supporting the indictment because that defendant had pleaded guilty. The Court of Appeals reasoned that while "the sufficiency of the evidence to convict following a trial is manifest from the record" *(People v Pelchat, supra,* at 109), the same cannot be said when a conviction is based upon a plea of guilty. Contrarily, in this case the defendant's conviction is based not upon a plea of guilty, but upon a jury verdict. As such, none of the so-called *"Pelchat* exceptions", as recognized by the Appellate Division, First Department, in *People v Alexander* (136 AD2d 332, 336-337), have application in this case because those exceptions are confined to instances where the limiting provisions of CPL 210.30 do not govern *(cf., People v Pelchat, supra).*

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.