■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WOODS, Also Known as LEE BELL, Appellant. [647 NYS2d 731] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered July 11, 1994, convicting defendant, after a non-jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 and 5 to 10 years, respectively, unanimously affirmed.

The dismissal of the first and second counts of the indictment after the close of the evidence, on the ground that such charges had been covered by a prior plea agreement that had not been discovered by the prosecutor or disclosed to the court until such juncture, did not deprive defendant of a fair trial. While the dismissed charges involved an incident similar to that for which defendant was convicted, the Trial Judge presumably excluded the evidence relating to such charges from his deliberations and determination (*see, People v Rosa*, 212 AD2d 376, *lv denied* 85 NY2d 979). Defendant's other arguments with respect to the circumstances of such dismissal are without merit.

The court did not improvidently exercise its discretion in allowing the prosecutor to confer with the reluctant complaining witness after she had been sworn but before she provided any testimony, particularly in the absence of any indication of an attempt to prescribe the content of her testimony as well as in light of defense counsel's opportunity to inquire during cross-examination as to what had transpired during this conference (*see, People v Branch*, 83 NY2d 663).

We do not perceive any abuse of discretion in the sentence imposed. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.