■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD W. GILBERT, Appellant. [661 NYS2d 810] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (Penal Law § 130.65 [1]). He contends that County Court erred in admitting hearsay evidence in the nature of prompt complaint testimony and in allowing the testimony of a New York State Trooper that defendant declined to give a written statement. In a bench trial, the court is presumed to have "considered only competent evidence in reaching its verdict" (*People v Howard*, 209 AD2d 1014, *affd* 87 NY2d 940; *see, People v Krause*, 187 AD2d 1019, 1020, *lv denied* 81 NY2d 842; *People v Mann*, 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969). It is incumbent upon the defendant in a bench trial to show that the admission of inadmissible testimony prejudiced him (*see, People v Robinson*, 143 AD2d 376, 377, *lv denied* 73 NY2d 789). On this record, there is nothing to suggest that the court considered anything but competent evidence or that defendant was prejudiced by the admission of the allegedly inadmissible testimony (*see, People v Robinson, supra,* at 377). We have considered the remaining contentions raised by defendant and conclude that they are without merit (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.