■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITEHEAD, Appellant. [760 NYS2d 35] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered March 12, 2002, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's claim that the court's awareness that defendant had entered, but withdrawn, a guilty plea on the instant charges rendered the court incapable of sitting as a fair trier of fact and invalidated defendant's jury waiver is unpreserved (*see People v Johnson,* 51 NY2d 986 [1980]), since defendant did not ask the court to recuse itself but argued only that the prior plea allocution be barred from use on cross-examination

under *People v Sandoval* (34 NY2d 371 [1974]). We note also that defendant made his *Sandoval* application, showing 36 arrests and 16 convictions, one of which was a felony, immediately after waiving a jury and consenting to trial by the court to which the application was made. It was in the course of that application that the prosecutor improperly revealed the prior plea. We decline to review the claim in the interest of justice. Were we to review this claim, we would find that defendant's jury waiver was entered voluntarily, knowingly and intelligently and that the court was not legally disqualified from conducting a nonjury trial or obligated to offer to recuse itself. A judge is presumed to have disregarded inadmissible evidence (*People v Moreno,* 70 NY2d 403 [1987]; *People v Dones,* 250 AD2d 381 [1998]), and there is no reason, in a nonjury case, to distinguish a withdrawn guilty plea from other inadmissible evidence.

The court properly exercised its discretion in striking the testimony of an alibi witness on the ground of lack of alibi notice (CPL 250.20 [3]). The record does not reveal any attempt to serve even a belated alibi notice; instead, defendant's girlfriend simply took the stand and gave unannounced alibi testimony. "Defendant's claim that the alibi testimony should have been permitted as a matter of constitutional law notwithstanding the statutory violation is unpreserved" (*People v Walker,* 294 AD2d 218, 218 [2002], *lv denied* 98 NY2d 772 [2002] [citations omitted]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no constitutional violation (*see Williams v Florida,* 399 US 78 [1970]). Since the constitutional issue was never raised, the trial court had no occasion to make a finding as to willfulness. However, under the circumstances of the case, defendant would have known from the time of his arrest whether he was with anyone at the time he was accused of selling drugs. In any event, any error in this regard was harmless since there was no reasonable possibility that the exclusion of the alibi testimony affected the court's verdict, given the overwhelming evidence of defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *see also Chapman v California,* 386 US 18, 24 [1967]). Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.