■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARNES, Appellant. [804 NYS2d 738]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered December 18, 2003, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

During defendant's testimony at this nonjury trial, defendant discussed his family background and his actual surname, which prompted the court to realize that it was slightly acquainted with defendant's mother and sister. The judge then placed on the record, in detail, the extent of his prior contacts with these family members, who were politically active, and whom the judge had met when he first was elected to a judicial office. The judge stated that he had not seen these family members in several years, and that his recollections of his prior contacts with them were positive. Following these disclosures, counsel for both sides expressed satisfaction with the court's ability to serve as an impartial trier of fact.

Defendant did not preserve his present claim that the court should have inquired into whether he wished to withdraw his waiver of a jury trial (*see People v Johnson*, 51 NY2d 986 [1980]; *People v Whitehead*, 305 AD2d 286 [2003], *lv denied* 100 NY2d 600 [2003]). The record does not support an inference that when defendant asked to address the court he was raising this issue; on the contrary, it establishes that he was seeking to raise an unrelated issue. We decline to review defendant's claim in the interest of justice. Were we to reach this issue, we would find no basis for reversal. Even if defendant had expressly requested to withdraw his jury waiver, thereby necessitating a mistrial late in the trial, there would have been an insufficient basis for such a drastic remedy (*cf. People v Anderson*, 216 AD2d 257 [1995], *lv denied* 86 NY2d 840 [1995]). The court's relationship with defendant's relatives was limited and distant, and it was fully capable of disregarding any extraneous matters and serving as a fair and impartial arbiter of fact (*see People v Moreno*, 70 NY2d 403 [1987]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.