■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY POSTELL, Appellant. [845 NYS2d 397]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 9, 2003, convicting him of assault in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero,* 7 NY3d 633 [2006]).

The defendant contends that he was deprived of the effective assistance of counsel at trial. However, to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that defense counsel rendered effective assistance (see *People v Walker,* 35 AD3d 512 [2006]; *People v Myers,* 220 AD2d 461 [1995]; *People v Finch,* 199 AD2d 278 [1993]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (see *People v Mercedes,* 182 AD2d 778 [1992]; *People v Greene,* 160 AD2d 726 [1990]).

The sentence imposed was not excessive (see *People v Suitte,* 90 AD2d 80 [1982]).

The claims in point 1 of the defendant's main brief alleging prosecutorial misconduct related to alleged agreements the People's witnesses had with the prosecutor's office, alleging a violation of the court's *Ventimiglia* ruling (see *People v Ventimiglia,* 52 NY2d 350 [1981]), alleging judicial bias, and contending that the court permitted leading questions by the People, are without merit. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review, and, in any event, are without merit. Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.