■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUJUAN R. MARSHALL, Appellant. [987 NYS2d 887]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered January 11, 2013, convicting him of criminal possession of marijuana in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Velasquez*, 110 AD3d 835, 835-836 [2013]; *People v Martinez*, 187 AD2d 992 [1992]).

The defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Postell*, 45 AD3d 609, 610 [2007]).

Contrary to the defendant's contention, the record, viewed as

a whole, demonstrates that he was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687-694 [1984]; *People v Benevento*, 91 NY2d 708, 714 [1998]).

The defendant's contention that the Trial Judge should have recused himself, sua sponte, is unpreserved for appellate review and, in any event, without merit (*see People v Pearson*, 78 AD3d 968, 969 [2010]; *People v Doyle*, 15 AD3d 674, 675 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.