■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BRIMS, Appellant. [45 NYS3d 488]—

Appeals by the defendant from two judgments of the Supreme Court, Rockland County (Kelly, J.), both rendered April 5, 2012, convicting him of attempted robbery in the first degree (two counts), attempted robbery in the second degree, and assault in the second degree under indictment No. 11-00007, and criminal possession of a weapon in the second degree under indictment No. 11-00342, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the Trial Judge

providently exercised his discretion in declining to recuse himself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno*, 70 NY2d 403, 405 [1987]). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [1999] [citation omitted]). "Since this sensitive decision is entrusted in the first instance to the Trial Judge, considerable deference should be accorded to his or her exercise of discretion" (*People v Grier*, 273 AD2d 403, 405 [2000]; *see People v Weekes*, 46 AD3d 583, 585 [2007]). Here, the defendant did not establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court (*see Matter of Khan v Dolly*, 39 AD3d 649, 651 [2007]).

The defendant's *Batson* challenges to the prosecutor's exercise of peremptory challenges (*see Batson v Kentucky*, 476 US 79 [1986]) to black prospective jurors were properly denied. The prosecutor offered race-neutral reasons for exercising the peremptory challenges, and there was no basis in the record to conclude that those reasons were pretextual (*see People v Hecker*, 15 NY3d 625, 650-655 [2010]). The defendant's challenge for cause to a prospective juror who had been exposed to a newspaper article referring to the defendant's prior convictions was also properly denied since the prospective juror stated unequivocally that he could be impartial (*see People v Shulman*, 6 NY3d 1, 30 [2005]; *People v Allen*, 134 AD3d 730 [2015]; *People v Hoffmann*, 122 AD3d 945 [2014]).

The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the record, as a whole, demonstrates that he made a knowing, voluntary, and intelligent decision to waive his right to counsel and proceed pro se (*see People v Providence*, 2 NY3d 579, 580 [2004]; *People v Bristol*, 102 AD3d 881, 883 [2013]).

The defendant's contention that the Supreme Court should have granted that branch of his omnibus motion which was to suppress certain physical evidence seized at the time of the defendant's arrest is academic, because the challenged evidence was not introduced at trial (*see People v Joseph*, 97 AD3d 838, 839 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in point IV of his main brief, is unpreserved for appellate review and, in any event, without merit.

The defendant's contentions, raised in point 2 of his pro se supplemental brief, that the integrity of the grand jury proceeding was impaired by certain evidentiary errors and prosecutorial misconduct are partially unpreserved for appellate review (*see People v Brown*, 81 NY2d 798, 799 [1993]; *People v Forde*, 140 AD3d 1085 [2016]) and, in any event, without merit. The defendant's contention that the evidence adduced at the grand jury proceeding was legally insufficient is foreclosed by his conviction upon a jury verdict based upon legally sufficient evidence (*see* CPL 210.30 [6]; *People v Hunter*, 73 AD3d 1279, 1282 [2010]; *People v Taylor*, 225 AD2d 640 [1996]). His contention that the prosecutor improperly cross-examined him at the grand jury proceeding about certain prior convictions is without merit (*see People v Thomas*, 213 AD2d 73, 76-77 [1995], *affd* 88 NY2d 821 [1996]).

The defendant's contention, raised in point 3 of his pro se supplemental brief, that the Supreme Court's rulings evinced a bias against him is unpreserved for appellate review (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]) and, in any event, without merit.

The defendant's contention, raised in point 5 of his pro se supplemental brief, that the Supreme Court improperly questioned one of the witnesses at trial, is unpreserved for appellate review (*see People v Charleston*, 56 NY2d 886 [1982]) and, in any event, without merit.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.

Motion by the appellant to strike stated portions of the respondent's brief in response to the appellant's pro se supplemental brief on appeals from two judgments of the Supreme Court, Rockland County, both rendered April 5, 2012. By decision and order on motion of this Court dated September 21, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion is granted to the extent that the following portions of the respondent's brief in response to the appellant's pro se supplemental brief are deemed stricken and have not been considered on the appeal: the sentence beginning with the word "The" and ending with the word "sell" on page 14, and the sentence beginning with the word "In" on page 14 and ending with the word "undisturbed" on page 15; and it is further,

Ordered that the motion is otherwise denied. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.