People v Smith (2018 NY Slip Op 05497)





People v Smith


2018 NY Slip Op 05497


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-09664
 (Ind. No. 1259/15)

[*1]The People of the State of New York, respondent,
v
Alvin Smith, appellant.


Martin Geduldig, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered August 18, 2016, convicting him of aggravated family offense, criminal contempt in the second degree (two counts), and tampering with a witness in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the trial judge should have recused himself from presiding at the nonjury trial is unpreserved for appellate review, as the defendant failed to make such a request in the trial court (see People v Jackson, 185 AD2d 363; People v Bishop, 111 AD2d 398). In any event, this contention is without merit. The judge was not legally disqualified under Judiciary Law § 14, and therefore his decision as to the need for recusal was a matter of discretion and personal conscience (see People v Smith, 123 AD3d 950; People v Modica, 80 AD3d 590). Considerable deference should be accorded the judge's exercise of discretion (see People v Brims, 145 AD3d 1025; People v Grier, 273 AD2d 403).
Although the judge who decided the pretrial Sandoval motion (see People v Sandoval, 34 NY2d 371) also presided at the trial, this fact alone did not require recusal (see People v Montpeirous, 133 AD2d 709; People v Lombardi, 76 AD2d 891). The judge had no direct, personal, substantial, or pecuniary interest in reaching a particular conclusion, and there was no clash of judicial roles (see People v Alomar, 93 NY2d 239, 246; People v Brims, 145 AD3d at 1026). The judge was not legally disqualified from conducting a nonjury trial, which the defendant requested based on a fully informed waiver of his right to a jury trial, despite having acquired information inadmissible before the factfinder of guilt or innocence (see People v Moreno, 70 NY2d 403, 404; People v Dones, 250 AD2d 381; People v Rosa, 212 AD2d 376). Absent a showing of prejudice, a judge, by virtue of his or her learning and experience, is presumed to have considered only the competent evidence adduced at trial in reaching a verdict (see People v Montpeirous, 133 AD2d at 709; People v Lombardi, 76 AD2d at 891). The receipt of information regarding the defendant's criminal history during the course of the Sandoval hearing did not disqualify the judge from presiding at the subsequent nonjury trial (see People v Grier, 273 AD2d at 406-407; People v Latella, 112 AD2d 324).
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court