People v Ross (2019 NY Slip Op 04001)





People v Ross


2019 NY Slip Op 04001


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-03611
 (Ind. No. 588-11)

[*1]The People of the State of New York, respondent,
v
Reginald Ross, appellant.


John A. Scarpa III, Kew Gardens, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered April 24, 2015, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of marijuana in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and a codefendant were charged by indictment accusing the defendant of the murder of Rayond Hirt on or about May 24, 2010, accusing the defendant and the codefendant of the murder of John Williams on October 14, 2010, and accusing the defendant and the codefendant of various other crimes. After a nonjury trial, the defendant was convicted of two counts of murder in the second degree, two counts of criminal possession of a weapon in the second degree, three counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of marijuana in the fourth degree. The defendant appeals, contending that his right to a fair trial was violated by the County Court's failure to recuse itself, his convictions were against the weight of the evidence, and he was deprived of the effective assistance of counsel.
The defendant's contention that the County Court should have recused itself is unpreserved for appellate review (see CPL 470.05 [2]; People v Marshall, 119 AD3d 612, 613; People v Pearson, 78 AD3d 968, 969; People v Whitehead, 305 AD2d 286, 286-287; People v Jackson, 185 AD2d 363, 363). In any event, the defendant's contention is without merit. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405; see People v Glynn, 21 NY3d 614, 618; People v Brims, 145 AD3d 1025, 1026). Here, the court was not legally disqualified from conducting a nonjury trial or obligated to offer to recuse itself on the ground that it presided over the codefendant's sentencing (see People v Moreno, 70 NY2d at 404; People v Whitehead, 305 AD2d at 286-287; People v Whitfield, 275 AD2d 1034, 1034; People v Burch, 142 AD2d 586, 586). Moreover, the record fails [*2]to support the defendant's contention that he was misled by the court's failure to inform him, at the time he waived his right to a jury trial, that it had presided over the codefendant's sentencing.
The defendant's contention that recusal was warranted due to the County Court's bias against him is also unsupported by the record. Contrary to the defendant's contention, the court's remarks at sentencing provide no basis for concluding that the court harbored any bias (see People v Johnson, 294 AD2d 908, 908; see also People v Young, 166 AD3d 664, 665).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was denied the effective assistance of counsel is based, in part, on matter dehors the record, and thus constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court